STATE OF TEXAS v. GULF, COLORADO & SANTA FE RAILWAY COMPANY.

Decided April 7, 1909.

**1.—Statutory Construction.**

A statute penal in its character will be strictly construed.

**2.—Railway—Railroad Commission—Requiring Information—Blanks.**

Under article 4571 of the Revised Statutes, the Railroad Commission, in requiring of a railway company information as therein provided, is required to furnish to such company blanks to be filled out in making such answers. A specification in the order of the commission of the matters required to be answered does not comply with the requirement that such blanks be furnished; and the petition in an action to recover the penalties provided in case of failure to furnish information as requested by the commission must allege that proper blanks were furnished the railway for that purpose or be subject to demurrer.

Appeal from the District Court of Travis County. Tried below before Hon. Chas. A. Wilcox.

*R. V. Davidson,* Attorney-General, and *James E. Walthall,* for appellant.

No briefs on file for appellee.

FISHER, CHIEF JUSTICE.—*Statement of the Nature and Result of Suit.*—This suit was instituted by the State of Texas, through her Attorney-General, R. V. Davidson, the said Attorney-General acting by authority and under instructions from the Railroad Commission of Texas, against the Gulf, Colorado & Santa Fa Railway Company for penalties for failure and refusal to comply with the following special orders, to wit:

"Office of Railroad Commission of Texas.
"Austin, Texas, July 31, 1907.
"Special Order:
Under the authority conferred upon it by article 4571 of the Revised Statutes of Texas, it is hereby ordered by the Railroad Commission of Texas that the Gulf, Colorado & Santa Fe Railway Company be and it is hereby ordered and required to compile and file with this Commission, on or before September 15, 1909, a full and complete statement in the manner and form prescribed below and showing the following information, to wit:
"The total number of all freight cars handled at Houston, Waco, . . . during the months of October, 1905, and June, 1906.
"State separately the number of cars originating at and forwarded from above named stations; the number of cars received and destined to above stations; the number of passing cars delivered to and received from connecting lines.

"Separate statements shall be made for each station and for each month.

Allison Mayfield, Chairman.
L. J. Storey,
O. B. Colquitt,
Commissioners.

"Attest:
E. R. McLean,
Secretary."

"Office of Railroad Commission of Texas.
"Austin, Texas, August 1, 1907.

"Special Order:
Under the authority conferred upon it by article 4571 of the Revised Statutes of Texas, it is hereby ordered by the Railroad Commission of Texas that the                                    Company be and it is hereby ordered and required to file with this Commission on or before September 15, 1907, a full and complete statement showing the amounts paid and charged to 'Legal Expenses' for each year for a period of five years ending with June 30, 1907, in the manner and form prescribed below, to wit:

"1.—Salaries of general attorney, assistants, clerks and office expenses.

"2.—Actual traveling expenses of general attorney, assistants and clerks.

"3.—Other expenses of general attorney, assistants and clerks, giving details of each item of such expense.

"4.—Amount paid as fees to attorneys other than general attorneys and assistants.

"5.—Amount paid for court costs and witness fees.

"6.—All other expenses incidental to the trial and settlement of law suits to be given in detail.

"7.—Amount of expenses of general attorney, assistants and other employes in attendance on legislative bodies, State and National, to be stated separately, and each item of expenses to be shown in detail.

"8.—Amount paid as proportion of salaries of solicitors, attorneys and their assistants of owning system and holding company charged to or paid by Texas Company.

"9.—Amount paid as proportion of expenses of solicitors, attorneys and their assistants of owning system and holding company, to be itemized.

"10.—Amount paid for any other purpose, including expense of attendance on sessions of Texas Railroad Commission, sessions of Interstate Commerce Commission, donations and contributions of all kinds; these amounts to be shown in detail.

Allison Mayfield, Chairman.
L. J. Storey,
O. B. Colquitt,
Commissioners.

"Attest:
E. R. McLean,
Secretary."

"Office of the Railroad Commission of Texas.

"Austin, Texas, August 27, 1907.

"It is ordered by the Railroad Commission of Texas that the Gulf, Colorado & Santa Fe Railway Company shall file with the Commission not later than October 1, 1907, a statement, the correctness of which shall be sworn to by the auditor of said Railway Company, showing the earnings of said company on the cotton hauled by it for the year beginning July 1, 1905, and ending with June 30, 1906, as follows:

"1st.    The gross earnings received by said company for hauling cotton.

"2d.    The gross earnings received by said company for hauling cotton which had origin and destination in Texas and credited to intrastate earnings.

"3d.    The gross earnings received by said company on all cotton hauled by it under interstate or foreign bills of lading and credited to interstate earnings.

"4th.    The gross earnings on all cotton hauled by said Railway Company originating in Texas under bills of lading which did not name an interstate or foreign destination, but did name destination at a point in Texas, and which earnings were credited to interstate traffic.

"Explanation: The amount of earnings on concentrated cotton to be included in gross earnings shall be that remaining after concentration charge adjustments have been made.

Allison Mayfield, Chairman.
L. J. Storey,
O. B. Colquitt,
Commissioners.

"Attest:
E. R. McLean,
Secretary."

In the petition of the plaintiff it was alleged that the said orders were duly and legally made and entered under the provisions of article 4571 of the Revised Statutes, and that notices thereof were duly and legally served on the defendant, but that the defendant failed and refused to comply with the terms and provisions of said orders and failed and refused to furnish the information requested in said orders.

The defendant, The Gulf, Colorado & Santa Fe Railway Company, answered by a general and special exception and also by a general denial. The defendant specially excepted to the plaintiff's petition, because it was not alleged therein that the Railroad Commission ever forwarded to the defendant any blanks to be filled under the provisions of said article 4571, and because it was not alleged that the defendant ever failed or refused to fill up any blanks sent it by the Railroad Commission of Texas under the authority of said article 4571.

Upon the trial of the cause, the defendant's general and special exceptions were sustained and the plaintiff declining to amend, the

court rendered judgment dismissing the cause of action, to which judgment the plaintiff, in open court, excepted and gave notice of appeal to this court.

*Opinion.*—Article 4571 of the statute under which this suit was brought, provides that the Railroad Commission shall cause to be prepared suitable blanks, with questions calculated to elicit all information concerning railroads, and, as often as may be necessary, furnish said blanks to the railroad companies. Any railroad company receiving from the Commission any such blanks shall cause said blanks to be properly filled out, so as to answer fully and correctly each question therein propounded, and in case they are unable to answer any question, they shall give a satisfactory reason for their failure; and the said answers, duly sworn to by the proper officer of said company, shall be returned to said Commission at its office in the city of Austin, within thirty days from the receipt thereof. Subdivision 1 of this article also provides that if any officer or employe of the railway company shall fail or refuse to fill out and return any blanks, as above required, or refuse to answer any question therein propounded, etc., he shall be guilty of a misdemeanor and shall, on conviction, be fined each day he shall refuse to perform such duty after the expiration of the time aforesaid, a penalty of $500, and the Commission shall cause the prosecution thereof in the proper court; and a penalty of like amount shall be recovered from the company, when it appears that such person acted in obedience to its direction, permission or request in his failure, or evasion or refusal.

This statute in its character is highly penal, and must be strictly construed. Schloss v. Atchison, Topeka & Santa Fe Railway Co., 85 Texas, 602. The appellant seeks a recovery against appellee on the ground that it failed and refused to comply with the terms and provisions of the orders above mentioned and to furnish the information as therein requested. The statute imposes a penalty when the railway company or its officers fail or refuse to answer the questions propounded in the blanks to be furnished by the Railroad Commission. It is not alleged that such blanks were furnished, and, of course, it follows that there was no refusal to fill out the blanks and answer the questions therein propounded or furnish the information therein requested. The statute requires of the Commission the duty to furnish the railway companies blanks embracing questions concerning which it desires information, and only imposes a penalty when the questions propounded and the information requested on the face of the blanks are not answered and furnished. The orders passed by the Commission which required the railways to furnish the desired information could not be regarded as blanks required by the article in question. The rule of strict construction applying, there was no error in the trial court's sustaining the demurrers.

We find no error in the record and the judgment is affirmed.

*Affirmed.*