BORSCHOW v. WAPLES–PLATTER GROCER CO. (No. 9327.)

(Court of Civil Appeals of Texas. Ft. Worth. May 1, 1920. Rehearing Denied June 19, 1920.)

1. Pleading ⬳291(2)—Controverting affidavit to plea of privilege "pleading," within statute as to proving execution of writing.

Controverting affidavit to plea of privilege is a "pleading," within Vernon's Sayles' Ann. Civ. St. 1914, art. 3710, allowing admission in evidence of an instrument in writing without proof of execution, where pleading is founded on such an instrument charged to have been executed by the other party, and the other party does not file affidavit denying execution (citing Words and Phrases, First and Second Series, Pleading).

2. Pleading ⬳291(2) — Signed invoices held "contracts," which, being pleaded, are admissible without proof of execution.

Signed invoices, providing where all bills are payable, are "contracts," within Vernon's Sayles' Ann. Civ. St. 1914, art. 3710, allowing admission in evidence of an instrument in writing without proof of execution, where plead-

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ing is founded on such an instrument charged to have been executed by the other party, and the other party does not file affidavit denying execution.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Contract.]

Appeal from Tarrant County Court; W. P. Walker, Judge.

Action by the Waples–Platter Grocer Company against Max Borschow. Plea of privilege was overruled, and defendant appeals. Affirmed.

Moses & Rowe, of Ft. Worth, and R. B. Braley, for appellant.

Dexter W. Scurlock and Flournoy & Smith, all of Ft. Worth, for appellee.

CONNER, C. J. The appellee, Waples–Platter Grocer Company, alleged to be a private corporation, instituted this suit against the appellant, Max Borschow, to recover a balance of $435.78, alleged to be due upon an open account for goods, wares, and merchandise sold to him.

The appellant in due course filed a plea of privilege to be sued in El Paso county, alleging that to be his residence. In answer to the plea of privilege, the appellee presented a controverting affidavit to the effect that the merchandise sold was delivered to and received by Max Borschow upon certain invoices and receipts for goods signed by him, and that in each and all of said invoices and receipts for said goods it was expressly provided and stipulated that "all bills are payable at our office in Ft. Worth, Tex., free of expense to us." And it was averred that the same constituted a contract payable in Ft. Worth.

Upon the hearing, the court overruled the plea of privilege, and Max Borschow has duly appealed from the order so overruling.

[1] The appellee introduced the invoices described in its controverting affidavit, each of which contained the statement, as alleged, that "all bills are payable at our office in Ft. Worth, Tex." Several of these invoices purported to have been signed by Max Borschow in person, several by his wife, and several by his son, Nathan Borschow, both of whom, it was alleged, had so signed under the direction of the defendant Max Borschow. The plaintiff, however, offered no proof of the signatures, nor of the authority of the wife and son to execute the invoices as stated, and the defendant objected to their introduction in evidence on this ground, and in this court presents the objection as the basis for his contention that the judgment below is unsupported and should be reversed.

In so far as we need to quote, article 3710, V. S. Tex. Civ. Stats., reads as follows:

"Where any petition, answer, or other pleading shall be founded, in whole or in part, on any instrument or note in writing, charged to have been executed by the other party or his authority, and not alleged therein to be lost or destroyed, such instrument or note in writing shall be received as evidence without the necessity of proving its execution, unless the party by whom or by whose authority such instrument or note in writing is charged to have been executed, shall file his affidavit in writing denying the execution thereof," etc.

On the hearing of the plea, the defendant filed no answer to the plaintiff's controverting affidavit, nor did he testify or offer any evidence in denial of the allegations therein made, and we see no reason why the article of the statute we have quoted should not be given application. The controverting affidavit was an "answer to the defendant's plea of privilege," and we think a "pleading," within the meaning of the article quoted. In 6 Words and Phrases, p. 5409, "pleading" is defined to be:

"The statement in a logical and legal form of the facts which constitute the plaintiff's cause of action or the defendant's ground of defense. It is the formal mode of alleging that in the record which would be the support of the action or the defense of the party in evidence" (citing authorities).

On the next page of the same volume the following further definition is given:

" 'Pleadings' at common law are composed of the written allegations of the parties, terminating in a single proposition distinctly affirmed on one side and denied on the other, called the 'issue.' "

In Broussard v. Mayumi, 144 S. W. 320, the following is said:

"The object of pleading is to notify the opposite party of what it is expected to prove as the ground of plaintiff's action and of the relief sought, so that the defendant may prepare for the trial of the issues thus tendered."

A plea of privilege is classed as a dilatory plea. Townes on Pleading, pp. 172, 515. So, also, in articles 1831, 1832, 1833, and 1910 of the statutes. So, also, in our decisions. See Shear Co. v. Neely, 214 S. W. 573; State v. G., C. & S. F. Ry. Co., 55 Tex. Civ. App. 108, 118 S. W. 736.

Article 1902 of the Revised Statutes provides, among other things, that the defendant "may plead as many several matters, whether of law or fact, as he shall think necessary for his defense, and which may be pertinent to the cause," etc.

Certainly if the defendant's plea of privilege is a pleading within the meaning of our law, then the controverting "answer" thereto must likewise be so classed, and therefore comes within the meaning of article 3710, which dispenses with proof of the execution of the instrument in the absence of a denial of its due execution as therein provided. Moreover, in a very important sense, as it seems to us, the controverting affidavit of the

appellee company may be said to be a supplemental petition, regardless of the designation given it by the pleader, for therein it is distinctly affirmed that the goods were sold and delivered upon the invoices offered in evidence, and that thereby the defendant contracted in writing to pay for them, etc.

[2] It may be suggested that the invoices signed, as stated, cannot properly be construed as contracts in writing, but we are of the opinion that they substantially amount to contracts in writing within the meaning of article 3710. In the case of Railway Co. v. Jones Lumber Co., 178 S. W. 858, a bill of lading signed by the carrier for freight delivered to it was classed as a contract in writing. To the same effect is the case of Railway Co. v. Logan, 3 Willson, Civ. Cas. Ct. App. § 187. In Taylor Water Co. v. Kelley, 11 Tex. Civ. App. 339, 32 S. W. 436, a letter signed by the defendant with a statement of the plaintiff's account accompanying it was held to be a contract in writing. It each of these cases it was held that the instruments proved themselves, in the absence of a denial under oath of their execution. But the case of Traylor v. Blum (Sup.) 7 S. W. 829, seems, perhaps, to be more closely in point. In that case the defendant signed a statement of his assets and liabilities, in which it was "agreed that all purchases made from the plaintiff were payable at Galveston." It was held, in effect, that such statement amounted to a contract in writing to pay in Galveston for goods and merchandise thereafter delivered to the defendant.

We conclude that the judgment below must be affirmed; and it is so ordered.