## BRISON et al. v. CONTINENTAL OIL CO.

### No. 12593.

Court of Civil Appeals of Texas. Fort Worth. Jan. 16, 1932.

Rehearing Denied March 26, 1932.

Raymond M. Myers, of Wichita Falls, and King, Mahaffey, Wheeler & Bryson, of Texarkana, for appellants.

Otis Nelson, of Wichita Falls, for appellee.

CONNER, C. J.

The transcript in this case shows that the Continental Oil Company, a corporation with a permit to do business in Texas, instituted this suit in the district court of Wichita county, the location of its principal office, against Walter Brison and Vernon G. Williams, a partnership doing business under the trade-name of Best Yette Service Station, to recover $1,126.49 for oil and gasoline delivered

to the partnership in Camp county, Tex., the domicile of the members of the partnership. It appears that the oil company engaged in the business of selling oil and gasoline at what is termed a service station in Camp county, Tex., with J. H. Taylor as its selling agent. The evidence warrants the conclusion that it was customary for the oil company to require payment for oil and gasoline at the time it was delivered, unless the customer had been given a credit rating, in which case instruments designated in the evidence as invoices were furnished the selling agent and presented to and signed by the buyer at the time of delivery. The suit as presented in the petition is founded upon some 21 separate invoices. We copy one of those invoices:

Taylor made out the tickets at the place of business of the oil company, or he would make them out at the time the delivery of the commodities were made; that Williams. who generally signed the invoices, knew that they were to be forwarded to the oil company at its Wichita Falls office. The court concluded as a matter of law that the signed agreement reciting that the "goods received in good order; the purchaser agrees to pay Continental Oil Company at its office in Wichita Falls, Texas, for the above merchandise as invoiced," executed by Williams, was a written contract agreeing to pay for the merchandise in Wichita Falls, and that the contract was supported by a valuable consideration, and hence the plea of privilege was

| Station | Pittsburg | 5—24—1930 | Our Order No. |
| Sold to | Best Yette S. S. | Date | Your Order No. |
| | Pittsburg | | Contract |
| Shipped to | Via | | Terms 30 Da. |
| | | | F. O. B. |

| Cases | Drums | Number | Conoca Gasoline<br>Conoco Ethyl Gasoline<br>Conoco Safety Kerosene | Gallons<br>or<br>pounds | Qts. | Price | Amount |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

The purchaser agrees to pay Continental Oil Co. at its office in Wichita Falls, Texas, for the above merchandise as invoiced.

| Delivered by | Goods received in good order<br>V. G. Williams | Received payment |
|---|---|---|

The other invoices are substantially the same, except that the quantity of oil and gasoline delivered varies, and in a number of them the letters "da" do not follow the "terms 30."

Defendants pleaded their privilege to be sued in Camp county. The plaintiff corporation filed its controverting affidavit, setting up the invoices, and alleging that they constituted written agreements for payment in Wichita county, within the meaning of subdivision 5 of the exceptions to article 1995, Rev. Civ. Statutes, conferring the right on inhabitants of this state to be sued in the county of their domicile.

Evidence was heard upon the issues presented by the plea and controverting affidavit, and the plea of privilege was overruled upon the facts as stated by the trial court in his findings of fact and conclusions of law which are before us.

The court found that Williams or Brison either verbally or by telephone ordered from Taylor, the agent of the oil company, the gasoline or oil desired, which was delivered by Taylor, and that by agreement the defendants were to sign all tickets for products received from the oil company; that, as a rule,

overruled, as stated, and it is from this order that the present appeal is prosecuted.

In Berry v. Pierce Petroleum Corp., 39 S.W.(2d) 824, by Section A of the Commission of Appeals, it was held that, quoting from the headnotes: "Invoice, signed by purchaser, reciting it was payable at certain place, if properly proved up, would evidence 'contract in writing' within venue statute (Rev. St. 1925, art. 1995, subd. 5)."

Of like effect is the case of Borschow v. Waples-Platter Grocer Co., 223 S. W. 872, by this court. The trial court therefore was evidently correct in ruling that the invoices under consideration, in form, constituted a written contract on the part of defendants to pay for the oil and gasoline delivered to them at the office of the oil company in Wichita Falls. Appellants, however, ingenuously contend that the transactions evidenced by the invoices are to be separated. In other words, that in each instance, when the order by telephone or otherwise for the oil and gasoline was given, and the same was actually delivered to the service station, the transaction was completed, and that therefore there was no consideration whatever for the added

**444**

promise to pay for the articles delivered in Wichita county.

Walter Brison, one of the appellants, testified that:

"I understand the nature of the suit against us by the Continental for the alleged sale to us of Oil and gasoline. I made the contract for the purchase of the items covered by those invoices; I made the contract with their agent Mr. J. H. Taylor; he is the agent for the Continental Oil Company at Pittsburg, Texas.

"Mr. Taylor would usually come by the filling station in the morning and if we had checked the gas we would tell him how much we wanted, so much gas as we needed and the price. I would usually just call him and tell him we needed a load of gasoline; he would not always quote the price, nor would we always ask it, usually knew about what it was. He would always say all right and bring it on over when we would phone.

"Just like I tell you he would usually say, 'I will be right over with it'; that was practically all of the conversation that we would have.

"Neither prior to, nor subsequent to the purchase of the gasoline was there any other agreement made, either verbally or written than I have testified to relative to the purchase of the gasoline and oil.

"I think that the oil and gas as covered by those invoices was delivered. The invoices were delivered to us to be signed after the gasoline and oil had been delivered to us. We never did agree to pay for the oil and gas in Wichita County."

Mr. Taylor, agent for the Continental Oil Company, testified: "Well, I am supposed to take in the cash; deliver gasoline and oils and either get the money or give them an invoice and let them sign for the goods that I deliver. I always do that. We make out four copies of the invoice; the buyer gets one, and we send one to the company and retain two for the local files."

Cross-examined, he further testified: "I guess you would call the understanding that I had with these people a verbal one for the purchase of these goods. They would call me and tell me to bring so much gas and I would deliver it. Never was anything said at the time of the purchases as to where they would pay for the goods. They signed the invoices for them but I don't recall any spe-

cial conversation about it having on there that the goods were to be paid for in the office of the Continental Oil Company in Wichita County, Texas."

 Other undisputed evidence makes it perfectly clear that appellants had been buying from the appellee company oil and gasoline for some two and a half years, and were familiar with the method followed in sales and purchases of the kind under consideration. Appellants filed no plea of non est factum, but, on the contrary, it is admitted that the contracts, as we shall term them, were duly signed by a member of the appellant firm, and they must be held to have known the character of the instruments signed. The invoices warrant the conclusion that a credit for payment of 30 days was extended; and it is not suggested that payments were made at the time of delivery. Under the circumstances, therefore, sales evidenced by the invoices under consideration were not complete until the invoices were signed, the order, the delivery, and signature on the invoices constituting the completed transaction. The delivery of the oil and gasoline as ordered certainly constituted a consideration for a promise on appellants' part to pay therefor. And we find it said in Texas Jurisprudence, vol. 10, § 68, that: " * * * A written contract shown to have been voluntarily signed by the party sought to be charged will be presumed to be supported by a sufficient consideration until the contrary appears."

And the same authority, in the same volume, page 132, § 77, again says: "The surrender or forbearance to exercise a legal right which a person is not otherwise bound to surrender is a sufficient consideration to support a contract or promise," as for instance an extension of time for the payment of a debt, citing as authority Mayfield v. Eubank (Tex. Civ. App.) 278 S. W. 243; Bonner Oil Co. v. Gaines (Tex. Civ. App.) 179 S. W. 686. Id., 108 Tex. 232, 191 S. W. 552, Ann. Cas. 1918C, 574.

We conclude that the consideration afforded by the sale and delivery of the oil and gasoline and the extended time of 30 days given for payment constitutes ample consideration for the promise to pay at appellee's office in Wichita Falls, Wichita county, Tex., for the merchandise delivered, and the trial court's findings of fact and conclusions of law will be accordingly adopted, and the judgment affirmed.