## STRONG v. DeLANEY.
### No. 1307.

Court of Civil Appeals of Texas. Eastland.
Sept. 14, 1934.

W. H. Penix, of Mineral Wells, for appellant.

L. H. Welch, of Breckenridge, for appellee.

HICKMAN, Chief Justice.

Appellee sued appellant in one of the justice's courts in Stephens county for the rental value of some well drilling tools. In due time appellant filed his plea of privilege to be sued in the justice's court of precinct No. 5, Palo Pinto county, the precinct of his residence.

The plea was controverted, evidence heard thereon, and at the same time the case was developed on its merits. The trial resulted in a judgment overruling the plea of privilege, and against appellant on the merits for the full amount sued for. Appeal was taken to the county court of Stephens county, and after trial de novo resulted as in the justice's court. Since we have determined that the plea of privilege should have been sustained, we shall not consider the assignments complaining of errors in the judgment on the merits of the case, but shall consider only those directed at the ruling on the privilege question.

The controverting plea to appellant's plea of privilege sought to maintain the venue in Stephens county under the provisions of exception 5, art. 1995. The question for decision is limited to an inquiry as to whether the facts bring the case within the terms of that exceptional provision, the language of which is as follows: "If a person has contracted in writing to perform an obligation in a particular county, suit may be brought either in such county or where the defendant has his domicile." The facts, in so far as they pertain to the venue question, are practically undisputed. Appellant rented some tools from appellee. He claimed that they were rented by him as a representative of one Upham, for whom he was working. Upham denied liability for the rental charge, and appellant denied any personal obligation to pay. Appellant likewise questioned the amount of the charges. The whole agreement was made orally, with no character of writing entering into it. Some time after the claim arose, appellee went to the place where appellant was working with an invoice to have appellant approve it. Appellant did not agree to the amount of the claim, but did write across the face of the invoice in pencil, "O. K. as to time out," and signed his name thereto. Appellee himself testified with reference to this notation as follows: "It was put on there in pencil so that Mr. Upham would know the number of days the tools were kept out, as the price had been agreed on prior to that and the signature of Mr. Strong was put on there as to the time out." Below this pencil notation in the printed form of the invoice was contained this provision: "All bills are payable at home office in Breckenridge, Texas."

The whole theory for maintaining the venue in Stephens county was that the pencil notation constituted a promise in writing by appellant to pay this bill in Breckenridge. We cannot give that effect to the language employed. Appellant merely agreed by this notation that the tools were used the number of days set forth in the invoice. To maintain venue under the exception relied upon it was incumbent upon appellee to establish a written contract executed by appellant obligating himself to pay the bill in Stephens county. A mere agreement that the invoice was correct as to the number of days the tools were out falls short of an agreement to pay anything at all. Citation of authorities would seem to be unnecessary, but we nevertheless cite the following: International Travelers' Ass'n v. Branum, 109 Tex. 543, 212 S. W. 630; Geo. S. Allison & Sons v. Hamic (Tex. Com. App.) 260 S. W. 1037; La Salle County Water Imp. Dist. No. 1 v. Arlitt (Tex. Civ. App.) 297 S. W. 344; Smith v. Hartt & Cole (Tex. Civ. App.) 13 S.W.(2d) 408.

The assignments challenging the ruling of the trial court on the plea of privilege are sustained, the judgment below is reversed, and the cause is remanded with instructions to transfer same to the justice's court of precinct No. 5, Palo Pinto county, Tex.

Reversed and remanded with instructions.