## AGEY v. LAFFERTY.

### No. 3608.

Court of Civil Appeals of Texas. El Paso.

Jan. 20, 1938.

Rehearing Denied Feb. 10, 1938.

Brachfield & Wolfe, of Henderson (W. J. King, of Henderson, on the brief), for appellant.

R. B. Stephen, Gladney & Stephen, and Caves & Waldrop, all of Henderson, for appellee.

WALTHALL, Justice.

This appeal was from an order of the county court of Rusk county overruling appellant's plea of privilege to be sued in

Dallas county, the alleged county of his domicile.

The pleadings and evidence in this case are substantially the same as in the case of W. M. Agey v. Red Star Supply Company, 113 S.W.2d 212, recently decided by this court, and in which case this court concluded the trial court was in error in overruling the plea of privilege.

We think the court, on substantially the same evidence, was in error in this case in overruling the plea.

The case is reversed and the trial court is directed to transfer the cause to the county court at law of Dallas county.

On Motion for Rehearing.

In appellee's controverting affidavit appears the following:

done, and that if legal action on the account becomes necessary, the purchaser agrees to pay attorney's fees, the agent C. E. Sadler refers to the work noted in the statement, and says: "The above work is authorized by me, a constituted agent of the above named company," and signed that part of the statement as agent. The part of the statement following the signature of the agent Sadler refers to: "Well Owner," and reads: "Security: I, the undersigned, agree to abide by this contract and guarantee all charges." This later portion of the statement agreeing to "abide by this contract and guarantee all charges," as in the statement, is not signed, but left blank, with a blank space for signature.

As we construe the entire statement, we find no provision therein that can properly be construed that appellant "has contracted

"Shop Job
Red Star Machine Works,
Joinerville, Texas

"No. 10031

"Charge to Agey Drilling Company
"Address ——————

Invoice No. ——
Date 8–30
Your Order No. ——.

"This Account Due and Payable at Joinerville, Rusk County, Texas.

Description      Amount
"Drill oil holes in connecting rod for your air compressor
"Drill & tap connecting rod bearing cap for 3/8 alemite fitting
"Build up cross head adjusting belt & plate on cross head
bearing with high carbon steel and dress off

9.50

"If necessary to take legal action to recover the account that may accrue under this contract the Purchaser agrees to pay a just and reasonable attorney fee to the Red Star Machine Works.

"Fee Owner Worrell.    The above work is authorized by me, a constituted agent of the above named company.
Signed: C. E. Sadler
"Well Owner & No. Water Well    Security: I, the undersigned, agree to abide by this contract and guarantee all charges.
"Survey —— County ——    Signed: ——————."

Appellee submits that the above statement constitutes such written contract promising in writing to pay the account sued upon in Rusk county as comes within the exception to exclusive venue in the county of one's residence, expressed in subdivision 5 of article 1995, of the statute, to give venue in Rusk county.

While the statement reads: "This account due and payable at Joinerville, Rusk county, Texas," the statement under the word "Description," recites certain work

in writing to perform an obligation in" Rusk county, that is, to perform in Rusk county or pay there the obligation sued upon. We cannot construe the part of the writing signed by Sadler as an agreement that either he or appellant will pay the account in Rusk county. Strong v. De-Laney, Tex.Civ.App., 75 S.W.2d 332.

Appellee refers to Traylor v. Blum, Tex. Sup., 7 S.W. 829; Borschow v. Waples-Platter Grocery Co., Tex.Civ.App., 223 S.W. 872, Berry v. Pierce Petroleum Corp.,

120 Tex. 452, 39 S.W.2d 824, and Brison et al. v. Continental Oil Co., Tex.Civ.App., 48 S.W.2d 442.

In each of the above cases the form of the obligation is somewhat similar to that in the instant case, in that the place of performance is stated. In the first three cases the obligation to perform the contract as stated is signed by the party sued. In the last-cited case the obligation to perform the contract in the county named was signed by an agent as purchaser of the goods. The court in the opinion held that, if justified by the pleadings, the fact that the agent, with authority from Berry to do so, made such contract in his own name for Berry, may be shown by extrinsic evidence. In all of the cases referred to there was a contract, or an effort to contract, in writing by the principal or its agent, to perform it in the county named. For the reasons stated, the cases referred to do not seem to be in point.

Appellant did not sign the contract. The controverting affidavit falls short of showing an agreement in writing of appellant, or of any body for him, to pay the account or to perform the writing sued upon.

The motion is overruled.