BOGER et al. v. LEYENDECKER et al.
No. 4505.

Court of Civil Appeals of Texas. Beaumont.
Jan. 15, 1948.

Rehearing Denied March 17, 1948.

Cooper K. Ragan, of Houston, and O'Fiel & O'Fiel, of Beaumont, for appellant.

Cole, Patterson, Cole & McDaniel, of Houston, and Everett Lord, of Beaumont, for appellees.

MURRAY, Justice.

This is the appeal of Moore, Inc., from a judgment of the District Court of Jefferson County overruling its plea of privilege. The cause appears to be improperly docketed in this court, since it is styled "A. E. Boger, et al., Appellant" and A. E. Boger, one of the defendants below, has not appealed from the judgment under consideration.. Moore, Inc., was the only defendant below filing a plea of privilege and the only appellant before us in this cause.

The only brief filed in this cause is that of appellant Moore, Inc. Plaintiffs below, appellees Leyendecker, et al., originally filed suit in the District Court of Harris County against all of the defendants below except Moore, Inc. The cause was transferred to the District Court of Jefferson County on the plea of privilege of A. E. Boger. Thereafter the plaintiffs below filed an amended original petition and Moore, Inc., was made a party defendant. Moore, Inc., the appellant here, filed its plea of privilege to be sued in Jasper County on the ground that it was a foreign corporation with a permit to do business in Texas with an office and agent in Jasper County. This plea of privilege was controverted by plaintiffs below. The defendant, A. E. Boger, also filed a plea attempting to controvert the plea of privilege of his co-defendant, Moore, Inc. He also filed, with the permission of the trial court, a trial amendment of his plea controverting the plea of privilege of Moore, Inc., stating in such trial amendment that, joining in the resistance by J. B. Leyendecker, et al., plaintiffs, to the plea of privilege asserted by Moore, Inc., he

adopted all the allegations by the plaintiffs in their controverting plea and all of the allegations made in plaintiff's first amended original petition, excepting from such adoption any of such pleadings which were inimical or adverse to Boger's interests, rights and pleadings. This trial amendment was filed on September 25, 1947, the judgment overruling the plea of privilege having been entered September 10, 1947, and appellant's appeal bond having been filed September 17, 1947.

Trial was had on the issue of venue and defendant Boger assumed the burden of showing that the appellants' plea of privilege should be overruled. Plaintiffs below were represented in court by an attorney, but presented no testimony to substantiate the allegations made in their controverting plea. At the conclusion of the testimony the trial court withdrew the case from the jury and entered the order and judgment overruling the plea of privilege of Moore, Inc., and the defendant has duly perfected its appeal to this court for review.

■ When the appellant Moore, Inc., filed its plea of privilege in proper form and properly verified, stating that it was a foreign corporation with a permit to do business in Texas with an authorized agent in Jasper County, Texas, that it did not have an agent or a representative or a principal office in Jefferson County, but did have such office and agent in Jasper County, and further alleged that no exception to exclusive venue to be sued in Jasper County existed, and specially pleaded the provisions of Subdivision 27, Article 1995, Revised Statutes of Texas, it was entitled, as a matter of law, to have its plea of privilege sustained unless the plaintiffs, as authorized by Rule 86, Texas Rules of Civil Procedure, filed their controverting affidavit and plea, setting out specifically the grounds relied upon to confer venue of such cause on the District Court of Jefferson County. The plaintiffs filed their controverting plea and affidavit, specifically relying therein upon Sections 4 and 29a of Article 1995, Revised Civil Statutes of Texas, Vernon's Ann.Civ.St. art. 1995, subds. 4, 29a, and further alleg-

ing that the debt for which this suit was brought was incurred by J. M. Wren and A. E. Boger and at the time Moore, Inc., was an undisclosed principal, and Boger was its agent. After the filing of this controverting plea by the plaintiffs below, it became the duty of plaintiffs below to make proof on the hearing, showing a meritorious cause of action against the resident defendant Boger. Richardson v. D. S. Cage Co., 113 Tex. 152, 252 S.W. 747 and many other cases which have established this as a well established principle of procedure in such matters. Since the plaintiffs below made no proof and introduced no evidence at all in support of their allegations, the trial court was in error in entering judgment overruling appellants' plea of privilege and should have entered judgment sustaining such plea and transferring the cause as to it to the District Court of Jasper County.

■ The purported controverting plea and trial amendment by the co-defendant Boger was a nullity. Rule 86 of Texas Rules of Civil Procedure does not give to a co-defendant the right to controvert the plea of privilege filed by another defendant. That right is specifically given by the language of the rule to plaintiffs. Likewise the testimony introduced by Boger upon the hearing cannot be considered as in support of plaintiffs' allegations contained in the controverting plea. The testimony so introduced, if considered, since it showed or tended to show that the debt sued for was not owed by Boger, the resident defendant, but was the debt of appellant, did not sufficiently support the allegations of plaintiffs in their controverting plea, alleging a cause of action against the resident defendant.

The appellees have not favored us with a brief. We have made an extensive search of the authorities and do not find anywhere that a co-defendant is permitted to substitute himself for the plaintiff against his co-defendant for the purpose of resisting a plea of privilege in circumstances such as obtained here.

The judgment of the trial court is reversed and judgment is here rendered sustaining the plea of privilege of appellant

212

Moore, Inc., and ordering the cause as to it transferred to the District Court of Jasper County, Texas.

Reversed and rendered.