**Paul M. HILL et al., Appellants,**

v.

**T. O. SUTTON et al., Appellees.**

No. 5047.

Court of Civil Appeals of Texas.

Beaumont.

May 5, 1955.

Rehearing Denied July 13, 1955.

Stofer, Proctor, Houchins & Anderson, Victoria, for appellant.

Thompson & Stripling, Nacogdoches, for appellee.

ANDERSON, Justice.

The appeal is from an order of the district court of Nacogdoches County overruling the defendants' pleas of privilege. Trial was to the court, without a jury. No findings of fact nor conclusions of law were either filed or requested.

The plaintiffs seek to maintain venue in the county of suit under subdivision 5 of Article 1995, Vernon's Ann.Civ.St., which provides: "If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile." They allege that defendants agreed in writing to pay in Nacogdoches County the account on which the suit is based.

The plaintiffs sue to recover the amount they claim defendants owe them for a truck load of oak flooring. The flooring was shipped by plaintiffs from their plant in Nacogdoches County and was delivered to defendants in San Antonio, Texas. Shipment was made on an order that was placed with plaintiffs through one of their salesmen.

The salesman lodged the order with the home office by telephone. Nothing that transpired between the salesman and the defendants is reflected of record. The truck driver who hauled the flooring carried with him two copies of a delivery ticket that had been prepared by plaintiffs. One of these copies he delivered to defendants; the other, after it had been signed by or on behalf of the defendants to show they had received the flooring described in it, he returned to plaintiffs. The latter copy of the delivery ticket, taken in connection with an invoice plaintiffs say they "sent" to defendants on the day the flooring was shipped or on the next day, is what plaintiffs rely on as a promise in writing by defendants to make payment in Nacogdoches County. The copy of the invoice that was introduced in evidence contained the following provision: "All Bills Payable in Nacogdoches, Texas."

The only reasonable inference to be drawn from the evidence is that the flooring had been delivered and defendants had signed the delivery ticket before the invoice reached them, if it ever did.

We are of the opinion there is no evidence upon which to predicate a finding that defendants contracted in writing to make payment in Nacogdoches County. The delivery ticket that was signed by defendants contained no such provision. It imposed no obligation of any kind on defendants. By it, the defendants did no more than acknowledge that they had received the oak flooring described in it. The instrument was not contractual in its nature, made no reference to any invoice to follow, and contained absolutely nothing to indicate an intent on the part of defendants to adopt, to subscribe to, or to become bound by the terms of the invoice that was placed in evidence. No contention is made that the invoice was itself ever signed by or on behalf of defendants. And there is no evidence to show that defendants ever acted on the invoice or did anything to evidence their acceptance of its terms so as to convert it into a contract. On the record before us, we think it must be concluded that the contract of sale was made between defendants and the salesman representing plaintiffs, and that the invoice was merely plaintiffs' method of rendering their account to defendants for payment. In the circumstances, it did not become a written contract between the parties. The fact that similar invoices had been sent to defendants in connection with sales previously made by plaintiffs is not thought to affect the matter. No connection between the previous sales and the one here involved was shown. We think that in principle the question under consideration is ruled adversely to appellees by the following cases: Ferguson v. Sanders, Tex. Civ.App., 133 S.W.2d 806; Maudr v. Ansley, Tex.Civ.App., 109 S.W.2d 501; Strong v. DeLancy, Tex.Civ.App., 75 S.W.2d 332.

The judgment of the trial court is reversed and the cause is remanded with instructions that the pleas of privilege be sustained and that the cause be transferred to the district court of Bexar County for trial.