Dr. L. E. SMITH et al., Appellants,

v.

HUNT TOOL COMPANY, Appellee.

No. 3725.

Court of Civil Appeals of Texas.

Waco.

Feb. 4, 1960.

Lewright, Dyer & Redford, Corpus Christi, for appellants.

DeLange, Hudspeth & Pitman, Houston, for appellee.

WILSON, Justice.

This appeal is from an order overruling appellants' pleas of privilege. Plaintiff sued on a verified open account, alleging work performed for, and sale and delivery of merchandise to, defendants on their order. The controverting plea asserted venue under subdivisions 5 and 29a of Art. 1995, Vernon's Ann.Tex.Stats.

To establish a contract in writing to perform an obligation in Harris County under subsection 5, plaintiff introduced unsigned shop bills on which were printed, "it is specifically recognized and agreed that all accounts and all amounts charged for the above are payable at the office of Hunt Tool Company in Houston, Harris County, Texas", together with invoices on which were printed, "all accounts payable in Houston, Texas." Plaintiff's accounting procedure was to first make a shop ticket for work or material to be furnished, from which its accounting department prepared an invoice which was mailed to the customer "on or about its date."

The account in question was originally invoiced to defendant Smith, but at his request was "re-invoiced to" defendant Southern Community Gas Company. Plaintiff also introduced a letter from the latter company (referring to a work order not here involved) written several months after the final invoice in which it said, "If you are agreeable to crediting us with $75.00 on the above account, advise by return mail and a check will be forwarded to you at once covering the balance." One work order was introduced which was signed by an unidentified person.

The record presented does not show the venue facts required to establish an exception under subdivision 5. There is no showing as to whether the orders were given orally or in writing, when they were made, or when the goods and services were received in relation to time of receipt of the invoices. There is in fact no showing that defendants ever saw or knew of the existence of the shop bills on which the quoted language relied on is printed.

There is nothing to indicate defendants accepted or assented to the language printed on the forms as in Dowdell v. Ginsberg, Tex.Civ.App., 244 S.W.2d 265, no writ hist.; Schneider Construction Co. v. Fraser Brick & Tile Co., Tex.Civ.App., 297 S.W.2d 298, no writ hist., and Vinson v. Horton, Tex.Civ.App., 207 S.W.2d 432, no rehearing, in which the invoice or equivalent was received before delivery of the goods; nor as in Berry v. Pierce Petroleum Corp., 120 Tex. 452, 39 S.W.2d 824; Burtis v. Butler Bros., 148 Tex. 543, 226 S.W.2d 825; Cities Service Oil Co. v. Brown, 119 Tex. 242, 27 S.W.2d 115, and Brison v. Continental Oil Co., Tex.Civ.App., 48 S.W.2d 442, writ ref., where defendants were alleged to have signed acceptance on the invoices or other instruments.

There is simply no evidence here of a contract in writing. Hill v. Sutton, Tex. Civ.App., 281 S.W.2d 231, no writ hist.; Ferguson v. Sanders, Tex.Civ.App., 133 S. W.2d 806; Maudr v. Ansley, Tex.Civ.App.,

109 S.W.2d 501, no writ hist.; Strong v. DeLaney, Tex.Civ.App., 75 S.W.2d 332, no writ, hist.; Agey v. Lafferty, Tex.Civ.App., 113 S.W.2d 214, no writ hist.

Reversed and remanded.