Allen FIELDS, d/b/a Houston Lumber and Salvage Company, Appellant,

v.

O. L. PAYNE, d/b/a Payne Brick Company, Appellee.

No. 10813.

Court of Civil Appeals of Texas.

Austin.

Jan. 11, 1961.

Rehearing Denied Feb. 1, 1961.

. Gerald S. Gordon, Houston, for appellant.

Norman, Rounsaville & Hassell, Rusk, for appellee.

ARCHER, Chief Justice.

This is an appeal from an order overruling a plea of privilege and a default judgment against appellant for the sum sued for by plaintiff, appellee.

The facts are not in dispute. O. L. Payne, doing business as Payne Brick Company, a resident of Bastrop County, Texas, sued the appellant, Allen Fields, doing business as Houston Lumber and Salvage Company, alleging that:

"That on September 19, 1957, as shown by the itemized verified statement of account hereto attached and marked Exhibit A, and made a part hereof by reference, Plaintiff, at the special instance and request of Defendant, sold and delivered to Defendant certain brick or other clay products therein set out, and at the various prices therein charged, the same, being the reasonable market value and agreed purchase price of the same, aggregating the sum of $822.50; that said debt is past due and unpaid, and though often requested, Defendant has failed and refused, and still refuses to pay the same, or any part thereof, to Plaintiff's damage in the sum of $822.50."

The exhibits mentioned in the pleading and attached thereto are four invoices reciting the number and class of brick and the prices, and the consignee is the appellant herein. The first two invoices, in a space above words: "Materials listed above received in good· order," are what appears to be the letters "V. B." and on the last two invoices appears the name "T. F. Slettin."

The account is verified by Robert W. Austin, reciting that the affiant is the attorney for O. L. Payne.

The defendant filed his plea of privilege to be sued in Harris County, Texas. The plaintiff filed a controverting plea asserting that venue was in Bastrop County, Texas, because the suit was upon an obligation performable expressly under a written contract in Bastrop County, Texas.

A hearing was had on March 11, 1960 and the plea overruled.

On March 11, 1960, subsequent to the overruling of the plea of privilege the court entered a default judgment for $822.-50 and $275 attorney's fees. The judgment recited that the defendant did not appear, although notified of the setting of the cause, and further recited that the court having heard the pleadings, the evidence and the argument of counsel found that the plaintiff should recover.

According to the statement of facts no evidence was heard other than the controverting plea, the original petition with the photostatic copies of the four exhibits and the verification of the pleadings.

On March 25, 1960, defendant filed his motion to have the order of the court overruling the plea of privilege set aside, assigning certain reasons. The motion was overruled on April 11, 1960 and entered on April 19, 1960.

On March 25, 1960, the defendant filed his motion for a new trial on the merits of the case setting out that he had not been notified that the case would be set down and heard on its merits on March 11, 1960, and praying that the default judgment be set aside and a new trial granted. This motion was overruled by the court.

The court made a notation on an order entering the order overruling the plea of privilege as of "March 19, 1960," as follows:

"April 19, 1960.

"I want the record to show that this Plea of Privilege was filed July 22, 1958 and for nearly two years Defendant did

nothing to have a hearing on the matter— That defendant's attorney admitted to the Court that he knew of the setting of this cause on March 11, 1960 but did not come to hearing because his fee was too small to make the trip and he did not want to put his client to the additional expense or fee.

"s/ Leslie D. Williams, Judge."

The appeal is founded on two points and are that the court erred in overruling the plea of privilege and in entering a default judgment.

■ We do not believe that the original petition declared on a contract in writing performable in Bastrop County, Texas.

The invoices, or delivery tickets, sent to defendant, either initialed or signed, imposed no obligation on defendant to pay for the materials in Bastrop County, Texas.

There was not adduced any evidence that the person who received the shipments was authorized by the defendant or acted on behalf of the defendant in signing the delivery tickets and no obligation was imposed on the defendant and no evidence of a contract in writing performable in Bastrop County.

"The pleadings can be examined for the purpose of determining the nature of a suit, but the allegations contained therein do not constitute any proof that venue facts exist."

43–B Tex.Jur.Supp., p. 51, Sec. 155; Farr v. Weeden, Tex.Civ.App., 308 S.W.2d 74; Compton v. Elliott, Tex.Com.App., Sec. B, 126 Tex. 232, 88 S.W.2d 91; Sidebottom v. Juliff, Tex.Civ.App., 259 S.W. 235; Hill v. Sutton, Tex.Civ.App., 281 S.W.2d 231; Smith v. Hunt Tool Company, Tex.Civ.App., 331 S.W.2d 952.

Appellee takes the position that this case is identical with Dowdell v. Ginsberg, Tex.Civ.App., 244 S.W.2d 265. In the Dowdell case the defendant Ginsberg wrote to the plaintiff acknowledging the ordering and receipt of the goods, but requested permission to return them, which distinguishes this case from our instant case.

Appellee further says that since the appellant did not file a sworn denial of the authority of any of the parties signing the delivery receipts, that appellee was not required to prove the authority of the person signing such delivery receipts, because the authority of such person to sign same was not denied under oath. Such was not essential because the suit was not on a contract in writing.

As we have noted, the trial court rendered judgment on the merits, and as has been observed no evidence was heard, although the judgment recites failure of defendant to appear and that the pleadings, evidence and argument of counsel were heard, but the statement of facts does not show that evidence was heard.

■ Appellant contends that he was not notified that a trial on the merits would be had on the day hearing on his plea of privilege was to be had, and did not file an answer to the merits.

In Trahan v. Marvin Distributing Corporation, Tex.Civ.App., 222 S.W.2d 1021, the court held that a court had authority to set a case for hearing on the plea of privilege and merits. In that case the court held the defendant contracted in writing to perform the obligation sued on in Harris County, Texas. The defendant had been notified that a hearing would be had on the plea and on the merits, but failed to object or file any answer.

Only venue issues and not matters going to the merits of the case can be determined at a venue hearing.

Rule 87, Texas Rules of Civil Procedure; Shaver v. Hughes, Tex.Civ.App., 214 S.W. 2d 176; Howell v. Loftis, Tex.Civ.App., 299 S.W.2d 954.

We believe that the court erred in overruling the plea of privilege, because the

evidence was not sufficient to prove a written contract performable in Bastrop County, and it appears that the issues were not fully developed, the judgment is reversed, and from a consideration of the record as a whole we feel that the ends of justice will be better subserved if the cause is remanded and the parties given an opportunity to amend if they so desire, and to retry the issues on the merits. Buchanan v. Jean, 141 Tex. 401, 172 S.W.2d 688.

The judgments of the Trial Court are reversed and the cause is remanded.

Reversed and remanded.