MEMBERS MUTUAL INSURANCE COM-
PANY, Appellant,

v.

Avis E. TAPP, a feme sole, Appellee.

No. 194.

Court of Civil Appeals of Texas.

Houston (14th Dist.)

Jan. 22, 1969.

W. Bryant Russell, Wyckoff, Russell &
Dunn, Houston, for appellant.

Ken Rolston, Houston, for appellee.

SAM D. JOHNSON, Justice.

This suit was brought in Harris County by appellee, plaintiff below, upon uninsured motorist coverage in a policy of automobile insurance in which she asserts a claim for damages arising from bodily injuries allegedly sustained in an automobile accident. Appellant, who was the defendant below, filed a plea of privilege to be sued in Dallas County. Appellee then filed a controverting plea. A setting was obtained by the appellee on the plea of privilege and on the day set for such hearing both parties appeared and announced ready.

At the hearing on the plea of privilege, plaintiff offered no evidence of any nature in support of venue in Harris County, or otherwise. No witnesses were sworn, no stipulations were made, no exhibits were offered or received, no documentary evidence was offered or received and no testimony was offered or heard. It was under these circumstances that the trial court overruled appellant's plea of privilege. Appeal is perfected to this court.

■ Only one basic issue is presented by appellant's points of error: did the trial court err in failing to sustain the defendant's plea of privilege when no evidence of any venue fact was offered or received in support of plaintiff's controverting plea? We must respond in the affirmative and hold that the trial court erred.

■ Texas Rules of Civil Procedure, Rule 86, provides, "When a plea of privilege is filed in accordance with this rule, it shall be prima facie proof of the defendant's right to change of venue; * * *" When this prima facie right and that contained in the general venue provision of Art. 1995, Vernon's Ann. Revised Civil Statutes of the State of Texas, is established, it becomes incumbent upon a plaintiff, who has filed a proper controverting plea, to establish by competent evidence those facts essential to maintenance of the action in the county where it is brought. "In

other words, on the plaintiff rests the burden of proving by a preponderance of the evidence that the case is within one or more of the exceptions mentioned in the general venue statute." See 60 Tex.Jur.2d, Venue, Sec. 203, and the extended authority there cited. A plea of privilege must be sustained if there is no evidence introduced to establish the truth of those allegations contained in plaintiff's controverting plea. Allied Finance Co. v. Butaud, Tex.Civ.App., 350 S.W.2d 958, no writ hist.; Graham v. Ozuna, Tex.Civ.App., 275 S.W.2d 735, no writ hist.; Boger v. Leyendecker, Tex. Civ.App., 209 S.W.2d 210, no writ hist.; Key v. Mineral Wells Inv. Co., Tex.Civ. App., 96 S.W.2d 804, no writ hist.

■■ The order overruling appellant's plea of privilege was entered with the trial court having only argument of counsel and pleadings of the parties before it. Counsel's argument constitutes no proof of any facts pertinent to the hearing. Neither the petition nor the controverting plea may be looked to by the trial court for any venue facts. These facts must be proved by affirmative evidence on the hearing. Neither the allegations in the petition nor those of the controverting plea may be considered as evidence of the truth thereof. World Co. v. Dow, 116 Tex. 146, 287 S.W. 241; Commercial Standard Ins. Co. v. Lowrie, Tex.Civ.App., 49 S.W.2d 933, err. ref. Plaintiff's controverting plea merely entitles the plaintiff to make proof of the facts therein alleged. Wynn v. State, Tex. Civ.App., 295 S.W.2d 444, dismd. w. o. j. at 157 Tex. 200, 301 S.W.2d 76; Farr v. Weeden, Tex.Civ.App., 308 S.W.2d 74, no writ hist.; Fields v. Payne, Tex.Civ.App., 342 S.W.2d 363, no writ hist.

■ This Court is not impelled, however, to render judgment transferring this cause. It does not appear that the essential considerations have been made available to the trial court for a proper disposition of the venue issue. " * * * (W)here a case has not been fully developed, and where it has been tried on the wrong theory, the

judgment of the appellate court should be one of remand and not one of rendition." Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458; Central Surety & Ins. Corp. v. First Nat'l Bank of Fort Worth, Tex.Civ.App., 367 S.W.2d 377, no writ hist. We are of the opinion that the ends of justice will be better served by remanding this case for a new trial on the issue of venue.

Reversed and remanded.