**538**

Corky BOZEMAN, Appellant,

v.

The FIRST STATE BANK OF SEA-
GRAVES, Texas, Appellee.

No. 6180.

Court of Civil Appeals of Texas,
El Paso.

June 2, 1971.

Rehearing Denied June 23, 1971.

J. R. Blumrosen, Lubbock, for appellant.

Haley & Smith, Joe Smith, Seminole, for appellee.

## OPINION

RAMSEY, Chief Justice.

This is a venue case. The First State Bank of Seagraves, Plaintiff-Appellee, filed suit in Gaines County against T. D. Barton, now deceased, and Corky Bozeman, Defendant-Appellant. Bozeman filed a plea of privilege which was overruled after a hearing before the Court. Bozeman perfected this appeal. We reverse and remand.

The parties will be designated as in the trial Court.

Plaintiff's Petition alleges that in 1966, Barton was indebted to Plaintiff evidenced by two notes and chattel mortgages payable in Gaines County. The notes were in default. The Plaintiff alleges that Barton, Plaintiff, and Defendant entered into an oral agreement. The Petition further alleges that all parties agreed that Defendant, who operated an auction service, would sell the property securing the indebtedness and the proceeds would be applied first to Defendant's sale commission and the balance to Plaintiff's notes. The first sale was on January 9, 1967, and Plaintiff received its money. The second sale was held on February 8, 1967. The sale price of the property was $1,179.70 from which $67.20 as commission was deducted by Defendant together with a $50.00 charge for hauling and a further deduction of $1,000.00 allegedly owing to Defendant by Barton. This left only $62.50 for Plaintiff, which $1,000.00 deduction precipitated this suit. Plaintiff alleges that the retention of this money by Defendant was in violation of their agreement, that to do so was unlawful, illegal, and a conversion of Plaintiff's money. Defendant filed a plea of privilege which Plaintiff controverted under Subdivisions 5 and 29a, Art. 1995, Vernon's Ann.Civ.St., and by alleging that Defendant unlawfully withheld the proceeds of the sale.

■ Plaintiff's suit against Barton is based on written instruments providing for performance and payment in Gaines County, yet, the Defendant did not sign the notes or mortgages. There is no allegation or proof that the Defendant had possession or other claim of interest in the items of property listed in the chattel mortgages at the time of the filing of the suit on trial. Therefore, the only cause of action which Plaintiff can assert against the Defendant is for conversion of the funds which Plaintiff alleges that Defendant withheld. In summary, the action against Barton is based on contract. The action against Bozeman is in tort. Therefore, under Subdivision 5 and/or 29a, venue cannot be maintained in Gaines County against Defendant. Southwest Peanut Growers Association v. Womack, Tex.Civ.App., 179 S.W.2d 371 (NWH); Naylor Automotive Service v. First National Bank of Mexia, Tex.Civ.App., 284 S.W.2d 759 (dismissed); Shaw v. Allied Finance Company, 161 Tex. 88, 337 S.W.2d 107 (1960).

■ Plaintiff alleged in its petition, a conversion, but does not allege where the conversion occurred. In its controverting affidavit, Plaintiff asserted that in its cause of action, Plaintiff seeks to recover proceeds from the sale of property "unlawfully withheld", but does not expressly plead Subdivision 9 of Article 1995, V.A.C.S. Better pleading practice would be to plead the express subdivisions; however, Rule 86, Texas Rules of Civil Procedure, requires the controverting plea to state specifically the grounds relied upon and if such grounds are stated, such will suffice. Flugrath v. Brickstone Products Corporation, Tex.Civ.App., 411 S.W.2d 426 (NWH).

Plaintiff's petition alleges two dates of sale, one being on January 9, 1967. This sale was satisfactorily conducted according to the petition. The second sale was allegedly held on February 8, 1967. It was following the second sale that Plaintiff alleges the conversion, yet, Plaintiff's president testified that there was only one sale. He did testify that the sale was held in Gaines County and that the Defendant received the money from the sale. He further testified that the Plaintiff received the proceeds from the sale of part of the property but not as to the remainder.

■ Due to the insufficiencies in the pleadings and proof as above outlined, we hold that the trial Court erred in overruling the plea of privilege. We feel that the ends of justice will be best served by remanding the case for proper trial of the issues. Texas Planting Seed Association v. Hooker, Tex.Civ.App., 386 S.W.2d 348

(NWH); Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458 (Sup.Ct.1948); Buchanan v. Jean, 141 Tex. 401, 172 S.W.2d 688 (Sup.Ct.1943).

Reversed and remanded.