Juanita WYCHE, Individually and as Independent Executrix of the Estate of Charles David Wyche, Deceased, Appellant,

v.

R. C. SEMPLE, INC., a Corporation, Appellee.

No. 6205.

Court of Civil Appeals of Texas, El Paso.

Sept. 29, 1971.

Strasburger, Price, Kelton, Martin & Unis, Jonathon H. Smith, Mike Joplin, Dallas, for appellant.

Mayfield, Broaddus & Perrenot, Francis C. Broaddus, Jr., Paul Bartlett, Jr., El Paso, for appellee.

OPINION

RAMSEY, Chief Justice.

This is a venue case. Plaintiff (Appellee) brought suit against the Defendant (Appellant) in the District Court of Culberson County. Defendant appeals from the trial Court's judgment overruling her plea of privilege. We reverse and order the cause of action transferred to a District Court of Dallas County.

At the hearing on the plea of privilege, counsel for both parties were present. The only matters presented for the Court's consideration in overruling the plea of privilege were embodied in the remarks of Plaintiff's attorney. Five exhibits were marked for identification by the Court Reporter, but none were either offered or admitted in evidence. No witnesses appeared and there were no stipulations. Plaintiff's counsel advised the Court that Plaintiff did not propose to offer any evidence.

█ The basic rules of law regarding pleadings and proof in venue matters are well established. Rule 86, Texas Rules of Civil Procedure provides:

"When a plea of privilege is filed in accordance with this rule, it shall be prima facie proof of the defendant's right to change of venue. * * *"

This, the Defendant has done. It then becomes the burden of the Plaintiff not only to plead, but also to prove by competent evidence, the particular subdivision or subdivisions relied on as exceptions which are enumerated in Article 1995, Vernon's Ann.Tex.Civ.St. Compton v. Elliott, 88 S. W.2d 91 (Tex.Com.App.1935, opinion adopted). Plaintiff relies on subdivisions 5 and 12 of Article 1995, V.A.T.C.S., but offers no evidence to support the controverting allegations. The cases are in accord that neither the Plaintiff's pleadings nor controverting affidavit will be considered as evidence. Nor will the remarks of counsel be so considered. Members Mutual Insurance Company v. Tapp, Tex.Civ.

App., 437 S.W.2d 439 (n.w.h.). The quantity and quality of proof required to defeat a plea of privilege is set out generally in Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97 (1953); Strain Bros. Inc. v. Bennett, Tex.Civ.App., 456 S.W.2d 466 (n.w.h.). In the absence of evidence, this Court has no alternative but to reverse the judgment of the trial Court.

█ Plaintiff, in its brief, prays that if this case be reversed, that it be remanded to the District Court of Culberson County for development of further evidence, if necessary, on both subdivisions 5 and 12, Article 1995, V.A.T.C.S. Plaintiff's petition alleges a cause of action on two promissory notes, seeking money judgment, and for foreclosure of mechanic's and materialman's liens on property in Culberson County, the indebtedness payable in El Paso, Texas. Thus, Plaintiff contends that it could have filed its cause of action for money judgment in El Paso County on the notes. The selection of the forum for bringing its original action was Plaintiff's decision. Having selected Culberson County, and Defendant having filed her plea of privilege alleging residence in Dallas County, the trial Court would have no authority to transfer the proceedings to El Paso County. Tunstill v. Scott, 160 S.W. 2d 65 (Tex.Com.App.1942, opinion adopted); McDonald, Texas Civil Practice, Vol. 1, Sec. 4.57, page 617. Therefore, pleading subdivision 5 for purposes of transfer to El Paso County, or introducing evidence in support thereof, would be of no avail to Plaintiff.

Plaintiff cites Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458 (1948), as authority for remand. Other decisions are in accord when the Courts· find that the interest of justice would be best served by remand rather than transfer. Bozeman v. First State Bank of Seagraves, Tex.Civ.App., 468 S.W.2d 538 (n.w.h.); Members Mutual Insurance Company v. Tapp, supra; Texas Planting Seed Association v. Hooker, Tex.Civ.App., 386 S.W.2d 348 (n.w.h.); Buchanan v. Jean, 141 Tex. 401, 172 S.W.

2d 688 (1943). At the same time, the venue statutes vest in a Defendant, a valuable right to which she is entitled unless the cause comes clearly within one of the exceptions. McDonald, Texas Civil Procedure, Vol. 1, Sec. 4.03.1, page 413. Under the record presented here, we do not find that further proceedings in Culberson County would be warranted.

For the foregoing reasons, we reverse the judgment of the trial Court and order the cause transferred to a District Court of Dallas County.