**MUTUAL SAVINGS AND LOAN ASSOCIATION OF GREENVILLE,**
Texas, Appellant,

v.

**John W. EARNEST and wife, Marjorie Earnest, Appellees.**

No. 8660.

Court of Civil Appeals of Texas, Texarkana.

May 8, 1979.

Harold F. Curtis, Jr., Curtis & Fugitt, Greenville, for appellant.

Ralph J. Blagg, Texarkana, for appellees.

CORNELIUS, Chief Justice.

This is a venue case. The plaintiffs, appellees here, filed suit against the Mutual Savings and Loan Association of Greenville, Texas, defendant and appellant here, seeking damages for the Association's alleged failure to honor a loan commitment. The suit was filed in Bowie County. The defendant filed a plea of privilege asserting its right to be sued in Hunt County, where its office is located. Plaintiffs controverted the plea of privilege on the ground that the suit was based on a written contract performable in *Rockwall County*, and requested that the plea of privilege be overruled and the cause be transferred there.

A hearing was held on the plea of privilege but no evidence was adduced. The court heard argument from counsel for both parties, and then overruled the plea and ordered the case transferred to Rockwall County.

When a plea of privilege is filed as provided by Tex.R.Civ.P. 86, it constitutes prima facie proof of the defendant's right to have the suit transferred to the county of his residence. It then becomes the plaintiff's burden to plead and prove by competent evidence the applicability of the particular subdivision of Tex.Rev.Civ.Stat.Ann. art. 1995 relied upon, as an exception to the general venue rule, to maintain the suit in the county *where it is filed. Compton v. Elliott*, 126 Tex. 232, 88 S.W.2d 91 (Tex. Com.App.1935, opinion adopted). Unless the plaintiff successfully asserts and proves such an exception, the trial court should order the cause transferred to the county of the defendant's residence. It is not proper to transfer the case to a third county, even if venue would be properly maintainable there had the suit been filed there originally. 1 McDonald's, Texas Civil Practice, Sec. 4.57, p. 617; *Tunstill v. Scott*, 138 Tex. 425, 160 S.W.2d 65 (Tex.Com.App.1942, opinion adopted); *Wyche v. R. C. Semple, Inc.*, 472 S.W.2d 284 (Tex.Civ.App. El Paso 1971, no writ). The selection of the forum for bringing the original suit is the plaintiff's deci-

sion. Having selected Bowie County, and the defendant having filed its plea of privilege to be sued in Hunt County, the trial court had no authority to transfer the proceedings to Rockwall County. *Wyche v. R. C. Semple, Inc.*, supra.

The judgment of the trial court is reversed and judgment is here rendered transferring the cause of action to the District Court of Hunt County, Texas.