## ANNIE BUCHANAN v. E. W. JEAN.

No. 8099. Decided June 23, 1943.
Rehearing overruled July 21, 1943.
(172 S. W., 2d Series, 688.)

*J. C. Jacobs, Beauford H. Jester* and *J. S. Simkins,* all of Corsicana, for appellant.

*J. C. Lumpkins, of Waxachie,* for appellee.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

This is a venue case. It is before this Court on certified question from the Court of Civil Appeals.

E. W. Jean sued Annie Buchanan, Navarro County, in Ellis County to recover damages for personal injuries alleged to have been sustained as the result of an automobile collision on a public highway in Ellis County. The petition contained the usual allegations necessary to sustain venue in Ellis County for a trespass committed in that county. The defendant filed a plea of privilege to be sued in the county of her residence. The plaintiff attempted to controvert the plea, but the only material allegation in the controverting affidavit was as follows:

"That Plaintiff had filed a petition herein alleging that the Defendant coming from South and going North crossed over and left said highway on the left side of said highway and ran into and collided with the Plaintiff's car herein in Ellis County, Texas, and that said acts in so driving said automobile by the Defendant is in contravention of Article 801, Penal Code, Section B, and is a violation of the law, and is a crime or trespass as is defined in Article 1995, Civil Statutes, Section 9, which would entitle said Plaintiff to sue said Defendant in Ellis County, Texas, where said accident occurred. That said Plaintiff further alleges that said accident did occur in said Ellis County, Texas, the County wherein said suit was brought."

It will be noted that the controverting affidavit does not set out a cause of action sufficient to sustain venue in Ellis County, as was held necessary in Jefferies v. Dunklin, 131 Texas 289, 115 S. W. (2d) 391; Compton v. Elliott, 126 Texas 232, 88 S. W. (2d) 91; City of Mineral Wells v. McDonald, 141 Texas 113,

170 S. W. (2d) 466; A. H. Belo Corp. v. Blanton, 133 Texas 391, par. 4, 129 S. W. (2d) 619, par. 5.

The trial began and the evidence was heard on January 8th. When plaintiff offered his evidence the defendant objected on the ground that there were no pleadings to support the proof. When pressed for particulars, counsel for defendant objected as follows:

"And because the plaintiff in his controverting affidavit alleges that he filed a petition in which certain things were set up and not that those things were true, or happened. He doesn't allege that the defendant committed any act of negligence, but alleges that he filed a petition stating that certain things were true. We admit that he filed the petition, but he doesn't say that the defendant did those things."

The court overruled the objection, and admitted the evidence. The introduction of the evidence apparently was concluded and the parties rested on January the 8th. The defendant then moved to exclude the evidence, again pointing out in particular the defects in the pleadings. Thereupon the plaintiff, over the defendant's protest, was permitted to interline in his petition the following:

"That plaintiff makes full reference to his petition on file herein and makes same a part hereof as though fully copied herein with all of its allegations in toto."

Plaintiff did not swear to the truth of the new allegations at the time the interlineation was made, but did swear thereto thereafter, on January 16th. The court overruled the plea of privilege.

■■ Very clearly, the controverting affidavit, as originally filed, was insufficient. Jefferies v. Dunklin, 131 Texas 289, 115 S. W. (2d) 391; Compton v. Elliott, 126 Texas 232, 88 S. W. (2d) 91; Texlite, Inc. v. Pecos Mercantile Co., 128 Texas 57, 96 S. W. (2d) 73. While it has been held permissible to amend previously filed pleadings by interlineation where the new matter is not voluminous and the rights of the opposite party will not thereby be prejudiced, such practice is at least irregular. Leifeste v. Stokes (Tex. Civ. App.), 45 S. W. (2d) 1006; Pierce v. Baker (Tex. Civ. App.), 143 S. W. (2d) 681 (writ refused). Ordinarily the amendment should be made either by filing a new pleading, as provided in Rule 64, or by trial amendment as provided for in Rule 66.

But if it be conceded that it was permissible to interline the amendment in the previously filed pleadings, it will be noted that the reference to the original petition does not evidence a clear intention to swear to the truth of all of the facts set out herein. See in his connection First National Bank v. Jaggers (Tex. Civ. App.), 67 S. W. (2d) 924, par. 1; Rogers v. Dickson (Tex. Civ. App.), 157 S. W. (2d) 404, par. 2; Henderson Grain Co. v. Russ, 122 Texas 620, par. 2, 64 S. W. (2d) 347, par. 2; A. H. Belo Corp. v. Blanton, 134 Texas 391, par. 4, 129 S. W. (2d) 619, par. 5.

The whole proceedings were carried on in such an irregular manner that the case cannot be made to fit into any standard pattern or rule of decision. The defendant herself did not point out the defect in plaintiff's controverting affidavit by special exception, as she should have done under Rule 90. In view, however, of the defendant's specific objection to the evidence it can hardly be said that the issue was tried by implied consent, as provided for in Rule 67.

After very careful consideration of the case, we have concluded that the record as a whole presents error and that the ends of justice will be better subserved if the judgment is reversed and the cause remanded, and the parties are given an opportunity to try the issues on their merits under properly drawn pleadings. We answer that the Court of Civil Appeals erred in affirming the judgment of the trial court. Of course, both parties will have a right to recast their pleadings and put them in proper form upon another trial. 43 Tex. Jur. 831. Aetna Life Ins. Co. v. Gallagher, 127 Texas 553, 94 S. W. (2d) 410.

The above, we deem, is a sufficient answer to the questions certified by the Court of Civil Appeals.

Opinion delivered June 23, 1943.

Rehearing overruled July 21, 1943.