HILL v. HILL.
No. 4461.

Court of Civil Appeals of Texas. Beaumont.
Oct. 2, 1947.

James E. Faulkner, of Cold Springs, for appellant.

R. A. Powell, of Conroe, for appellee.

COE, Chief Justice.

This is an appeal from the judgment of the District Court in Montgomery County, Texas, granting appellee, Frances Elizabeth Hill, a divorce from the appellant, Robert L. Hill, and awarding her the care and custody of her minor child, alleged to be the fruits of the marriage between said parties.

The appellee filed her petition in said Court, alleging that she was a bona fide resident of the State of Texas for more than one year immediately preceding the filing of said petition and that she had resided in Montgomery County for more than six months next preceding the filing of said petition. For grounds for divorce the alleged cruel treatment on the part of the appellant which rendered their further living together as husband and wife insupportable.

Appellant filed a plea of privilege to be sued in the county of his residence, to-wit: San Jacinto County, also a plea of abatement, special exceptions, general denial and specifically denied that he was ever lawfully married to appellee, and denied that he was the father of the minor child, the custody of which was sought by appellee.

On the hearing of the plea of privilege, the parties agreed that the court might consider all of the appellant's pleas, along with the hearing on the merits of the case. At the conclusion of the evidence the court overruled appellant's plea of privilege and granted appellee a divorce and the custody of her minor child. Appellant has duly perfected his appeal from said judgment to this court for review.

Appellant's plea of privilege was in statutory form, alleging all of the necessary facts required to be alleged in a plea of privilege to be sued in the county of one's residence. The appellee filed a controverting affidavit to said plea in which she alleged that this is a suit for a divorce from the bonds of matrimony alleged by appellee in her petition to exist between her and appellant, and that under the allegations of her petition, and Article 1995, Subdivision 16 and Article 4631 of the Revised Civil Statutes of this State, Vernon's Ann.Civ.St. arts. 1995, subd. 16, 4631, that this court has venue of this cause and jurisdiction of the person of this defendant, and prayed that after proper notice to the appellant, as required by law and on a hearing that the court, in all things, overrule the plea of privilege.

By appellant's first point, he complains of the action of the trial court in overruling his plea of privilege on the grounds that the evidence was wholly insufficient to show a valid marriage, either common law or by ceremony, and because the controverting plea was insufficient as a matter of law to support any evidence as to venue, having no allegations either as to

said marriage or of necessary residence and venue.

■ Appellant's point No. 1 is overruled. We are of the opinion that a controverting affidavit in a divorce suit is sufficient to support all necessary proof relating to venue facts when it alleges the nature of the cause of action, thereby bringing the case within the exception provided in Article 1995, Subdivision 16, Revised Civil Statutes of Texas, and within the provision of Article 4631 relating to the venue of suits for divorce. While Article 4631 is not a jurisdictional statute, it prescribes the qualification of the plaintiff to maintain a suit for divorce and requires that suit must be filed in the county where the plaintiff has resided for six months next preceding the filing of such suit. The residence of the defendant has nothing to do with the venue of divorce suits, and the only venue fact to be determined in the suit for divorce is the nature of the suit or cause of action. The best proof of such fact, being the plaintiff's petition which need not be formally introduced in evidence since the trial court takes judicial knowledge thereof. See Fielder v. Parker, Tex.Civ.App., 119 S.W. 2d 1089, and cases there cited. Also see Yates v. State, Tex.Civ.App., 3 S.W.2d 114. Furthermore, appellant did not, by exception or otherwise, challenge the sufficiency of the controverting plea of appellee and made no objection to the introduction of the evidence in support of such plea. Having failed to do so, he will not be heard on appeal to complain of the insufficiency of the controverting plea filed by appellee. See Rule 90, Texas Rules of Civil Procedure; Robinson v. Glasse, Tex. Civ.App., 188 S.W.2d 598; Buchanan v. Jean, 141 Tex. 401, 172 S.W.2d 688.

By appellant's points Nos. 2 and 3, he complains of the action of the trial court in overruling his plea in abatement, and in entering a final decree for divorce, contending that the evidence is insufficient to show a valid marriage or a valid subsisting marriage between appellee and appellant at the time of the trial and at the time of the institution of appellee's suit for divorce.

■ Appellant's points Nos. 2 and 3 are overruled. The evidence shows that on or about the 5th day of August, 1944, appellee, then a single woman, went with appellant to the town of Cleveland in Liberty County, Texas, for the purpose of having a marriage ceremony performed; appellant representing to her that he had a marriage license authorizing such a marriage and that he knew of a party in the city of Cleveland who could perform such marriage; that they went to the home of some one in Cleveland who appellant represented to be the person who had performed a marriage ceremony for him before, and that they went through the usual procedure of a marriage ceremony. Immediately after such incident, appellant took her to the home of his mother where he introduced her as his wife and where they continued to live as man and wife for sometime. Thereafter they lived at different places for short periods of time, and appellant would always introduce appellee as being his wife, both to his friends and relatives, and that they continued to live together as man and wife for a period of some 10 months. We will not undertake to detail all of the testimony in connection with appellant's course of conduct in holding out appellee to the general public as being his wife and the appellee's action as holding the appellant out as being her husband. We are convinced that the testimony, which is in no way challenged or denied, was sufficient to authorize the trial court in finding that a common-law marriage existed between appellant and appellee. 15 Texas Jurisprudence, Sections 82–85, inc., and cases there cited.

By appellant's fourth point, he complains of the action of the trial court in granting appellee a divorce, contending that the evidence was wholly insufficient, and was not fully sufficient and satisfactory and competent to establish the grounds for divorce alleged by appellee.

■ With this contention, we must agree. As stated before; the appellee's cause of action was predicated upon the allegations of cruel treatment which rendered the further living together of appellee and appellant as husband and wife in-

supportable. She also alleged that on or about April 1, 1945 the appellant willfully deserted and abandoned her, leaving her in needy and necessitous circumstances without any means of support; that she was enceinte at the time and in dire need of medical care and attention; that she was expecting her child to be born in about three months, all of which facts were well known to appellant; that disregarding his duty in the matter he failed and refused to provide for her such medical care as was needed, thereby endangering her health and well being of her unborn child; that she was also compelled to return to the home of her parents and depend on them for such care and support 'as her necessities required; that in addition thereto defendant maliciously and falsely denied to her and divers other persons that the marriage relation existed between them during the time alleged by appellee in her petition; implying that she had lived in open adultery with him during such period; that he further denied the paternity of her unborn child, further implying that she had had illicit intercourse with other men and that she was a person of bad repute and character as to virtue.

The evidence reveals that after appellant had lived with appellee, as above set out for some 10 months, that he took appellee to the home of her parents in Conroe, Texas, and represented to her that he was going to Houston, Texas, for the purpose of seeking employment; that the next she heard of him (just when this was does not plainly appear from the evidence) appellant was in the Army of the United States, stationed at some point in the State of California. After learning that appellant was in the Army, appellee undertook to secure an allowance for herself and baby, which had been born some three months after appellant had left her at the home of her parents, whereupon appellant advised her by letter that she did not have a chance to secure such allotment for the reason that she would be unable to produce any marriage certificate. In a subsequent letter he advised appellee that he understood she had him "stuck" for a common-law marriage, stating that if such was true that he desired a divorce as quickly as it was possible to get one. Later, however, he seemed to have recanted, and through a later letter from the State of California, he proposed that appellant and appellee secure a regular marriage license and have performed a ceremonial marriage for the benefit of the baby, as well as to enable the wife to secure an allowance from the United States government.

Appellee further testified that appellant had been mean to her on two occasions while he was under the influence of intoxicating liquor, but notwithstanding these two incidences, she continued to live with him for the sake of the baby and tried to make a go of the marriage.

The evidence fails to show under what circumstances the appellant got into the Army of the United States; that is, whether he was drafted or whether he volunteered for such service. Under any circumstance, the most this evidence could show would be abandonment by appellant of the appellee, which, under the statutes, would have to continue for a period of three years in order to constitute grounds for divorce. On the other hand, if appellant was drafted into the Army, as we judicially know many young married men were, then such would not be abandonment within the contemplation of the divorce statute. There is no evidence in the record to substantiate appellee's allegation that appellant had ever denied that the alleged marriage ever existed between he and appellee, nor that he ever denied being the father of appellee's child either before or after it was born. Her statement that appellant had been mean to her on two occasions is a mere conclusion of the witness, and, therefore, has no probative force. Therefore we have concluded that the evidence was insufficient to support the allegations contained in appellee's petition as grounds for divorce, and that, therefore, the trial court erred in entering a decree for divorce.

While the appellant offered no evidence other than what purports to be an executed marriage license to the effect that appellant was married in Bexar County, Texas, on the 3d day of May, 1946, to one Genie M. Williams; yet, the burden rested

on appellee to support the allegations contained in her petition as grounds for divorce by clear and satisfactory proof; this we feel she failed to do; therefore this cause is reversed and remanded.