**DILLINGHAM et al. v. ASSOCIATED EMPLOYERS LLOYDS.**

No. 15161.

Court of Civil Appeals of Texas.
Fort Worth.

Sept. 22, 1950.

Rehearing Denied Oct. 20, 1950.

Scarborough, Yates, Scarborough & Black, of Abilene, for appellants.

Cantey, Hanger, Johnson, Scarborough & Gooch, J. Kirby Smith, and J. Lee Johnson III, all of Fort Worth, for appellee.

McDONALD, Chief Justice.

The appeal is from an order overruling the pleas of privilege of the two defendants, who are appellants here, to be sued in the county of their residence. The plain-

tiff, appellee here, sought to maintain venue in the county where suit was brought under the fifth subdivision of Article 1995, R.C.S., as amended, Vernon's Ann.Civ. St. art. 1995, subd. 5, on the theory that the suit was based on a contract in writing performable in said county.

It is the contention of appellants that appellee neither pleaded nor proved that appellants executed or accepted the contract in question.

Appellants did not by exception in writing or otherwise raise any question as to the sufficiency of appellee's pleadings in the trial court. Rule 90, Texas Rules of Civil Procedure, provides that every defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out and brought to the attention of the judge of the trial court in the manner specified in said rule, shall be deemed to have been waived by the party seeking reversal on such account. Appellants' complaint as to the insufficiency of the controverting affidavit, made for the first time on appeal, falls within the provisions of this rule. Also, appellants tried the venue issues in the trial court without raising any question concerning the pleadings, so must be deemed to have tried them by implied consent. Rule 67. The following decisions recognize that Rules 67 and 90 apply to the pleadings and the hearing of the venue questions as they do to the trial on the merits. Buchanan v. Jean, 141 Tex. 401, 172 S.W.2d 688; Kerin v. Jones, Tex. Civ.App., 185 S.W.2d 448; Robinson v. Glasse, Tex.Civ.App., 188 S.W.2d 598; Hill v. Hill, Tex.Civ.App., 205 S.W.2d 82; Strickland Transportation Co. v. Atkins, Tex.Civ.App., 223 S.W.2d 675.

The suit was to recover $8207.89 alleged to be due and owing as premiums on two policies of insurance issued by appellee. Appellants contend that appellee failed to prove that appellants executed or accepted the policies.

The evidence is meager, but it must be viewed in the light most favorable to the judgment of the trial court, which implies a finding to the effect that appellants entered into the contracts of insurance. It is settled that the contracts need not have been signed by appellants if they accepted them as their contracts. 43 Tex. Jur., p. 724; Universal Mills v. Lasseter, Tex.Civ.App., 87 S.W.2d 343.

The only witness to testify was George Hofmeister, manager of the appellee association. Referring to his records, he testified that two specified policies of workmen's compensation insurance were issued to appellant Dillingham, and that later there was added to the policies the name of the other appellant. The witness had before him what he said were carbon copies of the face of the policies, which contained a provision that all premiums were payable in Fort Worth, Tarrant County, Texas. Said copies, referred to as daily reports, were introduced in evidence. Witness knew there was a balance due, and that some of the premiums earned under the policies had been paid. On cross examination by appellants, witness was asked if he had "anything to do with the sale of this particular policy to Mr. O. D. Dillingham?" and answered that he did not. He was asked what representative of appellee sold the policies to Mr. Dillingham and replied that he could not say to his own knowledge. In response to another question, witness testified that appellant Dillingham was one of the assureds, and that appellant Banner Dairies was the other. He said that appellee collected an advance premium when the policies were sold, and that an audit was made later of the "employer's" payroll. Referring to the final audit, witness said that "in this particular case" a certain discount was taken by Mr. Dillingham.

Appellee was under the burden of proving that appellants accepted the insurance contracts, but in view of the testimony of the witness just referred to, and in view of the failure of appellants to offer any evidence to rebut such testimony and the reasonable inferences to be drawn from it, we think that appellee made such prima facie proof as warranted the trial court in overruling the pleas of privilege.

The judgment of the trial court is affirmed.