## WATSON v. VAUGHT.
### No. 15201.

Court of Civil Appeals of Texas.
Fort Worth.

Dec. 15, 1950.

Rehearing Denied Jan. 12, 1951.

Bryan, Stone, Wade & Agerton, and John E. Thomason, all of Fort Worth, for appellant.

Cantey, Hanger, Johnson, Scarborough & Gooch, and J. Lee Johnson III, all of Fort Worth, for appellee.

HALL, Justice.·

This appeal is from an order of the Tarrant County Court at Law overruling appellant's plea of privilege, wherein he is seeking transfer of the case to Donley County, his residence.

Appellee R.·S. Vaught alleged a cause of action for property damages which he claimed were due and owing him by appellant Oscar ·C. Watson, arising out of an automobile collision.

The substance of appellant's three points is directed to error of the trial court in overruling his plea of privilege because appellee failed to plead and prove that a crime, offense, or trespass was committed · by appellant in Tarrant County in order for the trial court to retain jurisdiction under section 9 of Article 1995, R.C.S.

▋ Appellant interposed no objection or exception to· the sufficiency of appellee's pleadings, as set out in his controverting plea, which adopted the petition as a part thereof. Therefore, under provisions of Rules 67 and 90, Texas Rules of Civil Procedure, such defect or omission of the pleading is waived. See Dillingham v. Associated Employers' Lloyds, Tex.Civ.App. 233 S.W.2d 191, and cases there cited.

▋ Without objection, we think appellee's pleadings and proof are sufficient for the court to have overruled appellant's plea of privilege. Among other things, appellee plead the following:

"On or about the 21st day of September, 1948, plaintiff, being then and there the owner of a 1942 Packard Sedan, was driving said automobile West on East Lancaster Street, near where it intersects Ben Street, in the City of Fort Worth, Tarrant County, Texas, at a moderate rate of speed and observing all the traffic regulations, when defendant, who was on said date the owner of a certain 1947 Chevrolet Sedan, by failing to keep a proper lookout, and by failing to sound a warning, and by operating said Chevrolet at an excessive speed, so carelessly drove and managed same, that as a direct and proximate result of such negligent operation, defendant's automobile swerved out of a side-street directly into plaintiff's automobile with such force and violence that considerable damage was done thereto, and plaintiff was put to great expense in repairing his automobile, to-wit, $216.77, which was a reasonable amount for said expenses."

· It is agreed that the accident. occurred in Tarrant County. The only testimony is from appellee who testified that on or

about September 21, 1948, he was driving his automobile west on East Lancaster Street, and that appellant was traveling east in his car; that said thoroughfare is divided by a parkway composed of several islands, which islands are connected by cross streets or parking areas. Just prior to the time appellee's car was even with that of appellant's, appellant turned his car left into one of these cross streets, bringing same to a stop. When appellee's car reached the intersection, appellant drove his car immediately in front of appellee's car, while in the process of making a U turn. Appellee further testified he pulled his car to the right, trying to miss appellant's car.

We think the above testimony is sufficient to establish a prima facie case that appellant negligently drove his automobile in front of appellee's, without any just cause; there being nothing to prevent appellant from foreseeing the result of his act.

Finding no error, the order of the trial court overruling appellant's plea of privilege is affirmed.