Louise Degelia NEMEC et vir,
Appellants,

v.

John DEGELIA, Appellee.

No. 15060.

Court of Civil Appeals of Texas.
Dallas.

Dec. 16, 1955.

Angelo Piranio, Piranio, Piranio, Ballowe & Fults, Dallas, for appellants.

Betty Roberts, Dallas, for appellee.

YOUNG, Justice.

This appeal is from an order overruling the venue plea of Louise Nemec (formerly Degelia) and husband to be sued in the county of their residence—Kaufman. The parties disagree concerning nature of the action—appellants asserting that it is one seeking to alter or amend custodial rights in and to the minor son, John Degelia, Jr., born of the former marriage of the Degelias; the position of appellee petitioner being that the proceeding is simply to enforce visitation rights accorded to him in a 1947 judgment of divorce.

Events leading up to the instant controversy should first be stated: Said 1947 suit by Louise Degelia against John Degelia in a Dallas County District Court resulted in decree of divorce wherein plaintiff was awarded custody of their minor child; with the proviso that defendant "shall have the right to visit and see said child at all reasonable times." In May 1955, Degelia filed a pleading under the old court docket number complaining of appellants to this effect: That following the 1947 judgment and up to January, 1955, when Louise Degelia married Raymond Nemec, he had been accorded satisfactory visitation privileges with their minor son, in that all week ends were spent with the father, as also "most of the boy's holidays * *"; that since January 1955, the Nemecs having moved to Kaufman County, petitioner has been refused all rights of visitation, even to a phone conversation with his son. Degelia prayed that said mother and present husband be cited to appear and answer and upon hearing, he "be given definite visitation privileges allowing him in addition to week-end visits, the privilege of having the boy spend part of the summer vacation here with the defendant in his home." Statutory plea of privilege was interposed to above action; Degelia, by way of controverting affidavit, answering that the Dallas District Court rendering an earlier judgment of divorce had venue thereof because the proceeding in question was merely for clarification or interpretation of his right of visitation; averring that the motion was not for a change of custody "but for definite visitation privileges, and for a construction by the court of the meaning of the rights of the defendant to see and visit with said minor child at reasonable times and under proper circumstances"; therefore not amounting to a new and independent suit; also that "Defendant's motion for visitation privileges is made a part of this controverting plea." The 1947 judgment of divorce appears in the transcript.

As already stated, the parties differ as to the nature of the foregoing "motion"; appellants arguing that the visitation privileges therein sought, enlarged those granted in the 1947 judgment, to extent that custodial rights were put in issue; making the proceeding a new and independent suit with a background of changed conditions. They apparently concede that enforcement of rights of visitation is ordinarily for the divorce court, following a recital of same in its judgment. Such a proceeding, not seeking any change of custodial rights, cannot be classified as a new and independent suit. Quick v. Lindsay, Tex.Civ.App., 208 S.W.2d 910; Goodman v. Goodman, Tex.Civ.App., 236 S.W.2d 641.

While none of the subdivisions of Art. 1995, V.A.C.S., are controlling of the situation at hand; nevertheless certain rules incident to a venue hearing have application. For instance, (1) the court may look to the petition and determine the nature of the action as a matter of law; 43–B Tex. Jur., sec. 153. (2) Neither the petition nor the controverting affidavit will be considered as evidence of the facts therein alleged; 43–B Tex.Jur., sec. 154. (3) Determination of issue as to venue depends upon *proof* of venue facts; Texas Mutual Reserve Life Ins. Co. v. Ormand, Tex.Civ. App., 115 S.W.2d 776. And (4) burden is on party asserting venue, both to plead in

his controverting affidavit and prove on the hearing (by a preponderance of the evidence), the facts that authorize the court to retain venue; Universal Credit Co. v. Dunklin, 129 Tex. 324, 105 S.W.2d 867.

Turning to the present record, appellee has offered no evidence to effect that his visitation privileges have been denied nor does he suggest a definite time or extent of the visits thus sought to be enforced. It is stated in reply brief that Judge Davenport "after considering the pleadings and without hearing any evidence overruled the plea of privilege."

Whatever may have been the reason for appellee's failure to present evidence in support of his controverting affidavit, the case for venue purposes must be regarded as insufficiently developed. "* * where the ends of justice will be better served, a cause will be remanded for a new trial on the question of venue and not ordered transferred to the county of the defendant's residence. And if the judgment is reversed and it appears that on a retrial it can be shown that the venue was properly laid, a transfer will not be ordered but the cause will be remanded to the trial court for the curing of mere defects in pleading or proof. The case may be remanded also where it appears that the trial court proceeded on the erroneous theory that it was unnecessary for the plaintiff to introduce proof in support of his controverting plea, the case having not been developed in this particular * * *." 43-B Tex.Jur., pp. 471, 472, sec. 192. "Where proof was wholly insufficient to retain venue in county of suit, Court of Civil Appeals, on reversing judgment overruling pleas of privilege, erred in ordering transfer of cause to district court of county of defendant's residence instead of remanding it for new trial on venue question. Vernon's Ann.Civ.St. art. 1995, subd. 23; Rules of Civil Procedure, rule 475." Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458, syl. 4.

The cause is reversed and remanded for new trial on the issue discussed.