**Rufus Hardy BOND, Appellant,**

v.

**Thomas VEALE, a minor by next friend, D. M. Veale, et al., Appellees.**

**No. 7461.**

Court of Civil Appeals of Texas.
Texarkana.

Oct. 16, 1962.

Rehearing Denied Nov. 13, 1962.

Tom Alexander, Butler, Binion, Rice &
Cook, Houston, for appellant.

Thomas E. Lucas, McClure & Lucas,
Houston, for appellees.

FANNING, Justice.

This is a plea of privilege case. Suit
was filed by D. M. Veale, individually and
as next friend for his minor son, Thomas
Veale, and by Eugene L. Rinehart, indi-
vidually and as next friend for his minor
daughter Cheryl Kressley, against Rufus
Hardy Bond, to recover damages for per-
sonal injuries allegedly received by the
minors and for property damages allegedly
received as a result of a motor vehicle col-
lision occurring in Harris County, Texas.

Appellant, a resident of Freestone Coun-
ty, Texas, filed a statutory plea of privilege.

The plea was controverted by appellees, seeking to maintain venue in Harris County, Texas under Exception 9a of the venue statute. The plea of privilege was overruled and defendant Bond has appealed.

■ Appellant contends that the trial court erred in overruling appellant's plea of privilege because appellees' controverting plea and affidavit are insufficient. An examination of the controverting plea reveals that it is defective, as nowhere in the plea is there a direct sworn allegation that an act or omission of negligence occurred in Harris County, Texas, where the suit was filed. Plaintiffs' petition contains sufficient averments in this respect but the petition is not incorporated in the controverting plea by reference. Appellees' contention that the omission is cured by the language in paragraph III of plaintiffs' controverting plea, which reads in part as follows: " * * * Inasmuch as plaintiffs' petition further alleges that the collision and resulting injuries occurred in Harris County, Texas," is deemed to be foreclosed by the case of A. H. Belo Corporation v. Blanton, 133 Tex. 391, 129 S.W.2d 619. Also in this connection see Buchanan v. Jean, 141 Tex. 401; 172 S.W. 2d 688; and Chapman v. First National Bank of Wellington, Tex.Civ.App., 221 S.W.2d 318.

■ Defendant raised the question of the insufficiency of the controverting plea and objected to the evidence which showed that the collision occurred in Harris County, Texas. Thus it can not be said that the issue was tried by implied consent as provided for under Rule 67, Texas Rules of Civil Procedure.

The proof admitted however did conclusively show that the collision in question occurred in Harris County, Texas. The evidence was also sufficient to show negligence and proximate cause.

■ Appellant also contends that appellees failed to prove damages on the part of Cheryl Kressley and her next friend Rine-

hart. Plaintiff Thomas Veale testified that Cheryl Kressley was injured in the collision—this testimony was objected to by defendant—however before the trial court could rule on the objection plaintiffs withdrew this testimony. There was also hearsay evidence in an accident report which indicated Cheryl Kressley was injured; however the portions of the report introduced in evidence by plaintiffs were objected to as hearsay by defendant. As the record stands we hold that there was no evidence of probative force to show that Cheryl Kressley was injured and that she and her next friend Rinehart sustained any damages. It is our view that the case in this respect was insufficiently developed for venue purposes and that the interests of justice will be better served by a remand for a proper and full development of the evidence with respect to this matter. See Nemec v. Degelia, Tex.Civ.App., 285 S.W. 2d 411, wherein it is stated in part as follows:

"Whatever may have been the reason for appellee's failure to present evidence in support of his controverting affidavit, the case for venue purposes must be regarded as insufficiently developed. ' * * * where the ends of justice will be better served, a cause will be remanded for a new trial on the question of venue and not ordered transferred to the county of the defendant's residence. And if the judgment is reversed and it appears that on a retrial it can be shown that the venue was properly laid, a transfer will not be ordered but the cause will be remanded to the trial court for the curing of mere defects in pleading ■ proof. * * *'"

[4] We have concluded that the record as a whole presents error and that the ends of justice in this cause will be better served if the judgment is reversed and the cause remanded and the parties are given an opportunity to try the venue issues on their merits under a properly drawn amended controverting plea and upon a full and

proper development of the evidence in the cause. In this connection see the following authorities: Buchanan v. Jean, 141 Tex. 401, 172 S.W.2d 688; Chapman v. First National Bank of Wellington, Tex. Civ.App., 221 S.W.2d 318; Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458; Maitland v. Santor, Tex.Civ.App., 216 S.W.2d 298; Sparks v. West, Tex.Civ.App., 41 S.W.2d 301; Nemec v. Degelia, Tex.Civ.App., 285 S.W.2d 411.

The judgment of the trial court is reversed and the cause is remanded for a new trial.