**AUTOMATIC RADIO MANUFACTURING COMPANY OF TEXAS, Inc., Appellant,**

v.

**Alfred P. BRANDIMARTE, Appellee.**

No. 16470.

Court of Civil Appeals of Texas.
Dallas.

March 5, 1965.

Rehearing Denied April 16, 1965.

Carrington, Johnson & Stephens, Dan McElroy and Hal M. Bateman, Dallas, for appellant.

Farrar & Claunch, Fort Worth, for appellee.

DIXON, Chief Justice.

Automatic Radio Manufacturing Company of Texas, Inc., has appealed from a judgment awarding damages to appellee Alfred P. Brandimarte for alleged breach of an employment contract.

The statement of facts consists of a stipulation entered into by the parties. Appellee was employed by appellant pursuant to a written contract dated October 15, 1961 which was prepared by appellee's attorney. During the eleven months of his employment appellee worked out of appellant's office at 4814 Bengal Street in Dallas, Texas. His employment ceased on September 14, 1962 for the reason that appellant wanted appellee to work in Boston, Massachusetts and appellee refused to work elsewhere than in Texas. On or about the latter date appellant's said office was closed.

The difference between appellee's actual earnings and what the written contract called for was $8,379.41 covering a period from September 15, 1962 until October 14, 1963.

Appellant levelled an exception to appellee's petition and moved for dismissal on the grounds that the contract is unambiguous and does not by its terms contain any covenant or agreement that appellee in the course of his duties would at all times be located in Texas. The case was tried before the court without a jury. Appellant's exception and motion to dismiss were overruled. The court then rendered judgment in favor of appellee, holding the contract to be unambiguous and appellee to be entitled to damages in the amount stipulated.

We quote the material parts of the contract:

"This agreement made and entered into this the date of execution by and between the Automatic Radio Manufacturing Company *of Texas, Inc., a Texas Corporation with offices at 4814 Bengal Street, Dallas, Texas, * * ** and Alfred P. Brandimarte of *5604 Wessex, Fort Worth, Texas, * * ** witnesseth:

"WHEREAS, *the Corporation intends to manufacture various products in a plant in the State of Texas* and desires to obtain the services of an Executive Vice-President for such Corporation, and whereas Alfred P. Brandimarte has expressed a willingness to assume the duties of Executive Vice-President of such corporation;

"Now, therefore, * * * the parties hereby covenant and agree as follows:

"*Brandimarte shall act as Executive Vice-President of the Corporation to be established in the State of Texas* for a period of two (2) years from the date of this agreement.

*"Brandimarte shall be responsible for the design, development, and manufacture of products produced in the State of Texas.*

*"Brandimarte shall have an option to purchase 1,000 shares of Corporation upon the terms and conditions set forth by the Board of Directors for all other officers of the Corporation. This option will not be effected by the termination of this contract.*

*"Brandimarte is to receive a minimum salary of SEVENTEEN THOUSAND DOLLARS ($17,000.00) per year, commencing upon the effective date of this agreement. Said salary to be paid in semi-monthly installments, equal to 1/24 of $17,000.00."* (Emphasis ours)

## OPINION

In its first point on appeal appellant agrees with the court that the contract is unambiguous, but says that judgment should have been rendered in favor of appellant because the contract plainly does not obligate appellant to keep appellee employed only in the State of Texas during the duration of the contract. We overrule appellant's first point. Our reasons will be apparent in our discussion of appellant's second and third points.

In alternative points on appeal appellant says that if the contract is ambiguous the court erred (2) in refusing to consider any extrinsic evidence as to whether the parties intended that appellee, in the course of his duties, would at all times be located in Texas; and (3) in overruling appellant's first motion for continuance so that the testimony of David Housman could be obtained to show the true intention of the parties when they entered into the contract.

Is the contract ambiguous? After a study of the contract as a whole we have concluded that it is. If, as appellee contends, the intention of the parties was to obligate appellant to allow appellee to remain in Texas, such intention is not stated

by the language of the contract with that clarity which permits of only one interpretation. On the other hand, if it was the intention of the parties not so to obligate appellant we must say again that such intention is not stated with that clarity which permits of only one interpretation.

Appellee leans heavily on those provisions which we have emphasized in the contract as hereinbefore quoted. In our opinion the said provisions are susceptible of the interpretation which appellee puts on them: that it was contemplated and intended by the parties that appellant employed appellee to work only in Texas.

However, in our opinion the contract is also susceptible of the interpretation which appellant puts upon it: that the contract expresses merely an intention to establish a plant in Texas without legally obligating it to do so; and though the contract legally binds appellant to employ appellee for a period of two years it does not require appellant to allow appellee to stay in Texas to perform his duties. As appellant very pointedly asks: If it was the intention of the parties to obligate appellant to keep appellee in Texas, why does not the contract say so in express terms? The question cannot be ignored for it was appellee's attorney, not appellant, who wrote the contract. It is a general rule of interpretation that ambiguous contracts are to be strongly construed against the author. Universal C. I. T. Credit Corp. v. Daniel, 150 Tex. 513, 243 S.W.2d 154; Ervay, Inc. v. Wood, Tex.Cix.App., 373 S.W.2d 380, 384.

In reaching our conclusion that the contract here is ambiguous we have been mindful that it is difficult to find cases in point since circumstances differ in nearly all cases and each case depends on its own facts. Brown v. Payne, 142 Tex. 102, 176 S.W.2d 306. However, certain principles have been well established in our law as guides in determining the question. Our Supreme Court in holding a contract ambiguous has said, in Skelly Oil Co. v. Archer, 163 Tex. 336, 356 S.W.2d 774, 778:

"We have concluded that the attachment of the rider makes the lease am-

biguous. Not only is its meaning uncertain and doubtful, thus meeting the test of ambiguity announced in Neece v. A.A.A. Realty Company, 159 Tex. 403, 322 S.W.2d 597, our latest decision on the subject, but it is also subject to more than one reasonable meaning, unresolvable by rules of interpretation, thus meeting the stricter test of ambiguity laid down in Universal C.I.T. Credit Corp. v. Daniel, 150 Tex. 513, 243 S.W.2d 154. The primary object of courts in construing written contracts is to arrive at the intention of the parties. * * * Any one of these interpretations would be equally reasonable, or unreasonable, as the case may be, and the proper construction therefore becomes a fact question."

Since we hold that the contract is ambiguous it follows that we believe the trial court should allow extrinsic evidence to be admitted to show the intention of the parties.

■ In view of the above holding we are also of the opinion that appellant's first motion for continuance should have been sustained. In a sworn motion appellant stated that David Housman, a witness residing in Boston, Massachusetts, participated in the negotiations which led to the employment of appellee, was aware of the circumstances surrounding the inception and termination of the employment, would make himself available in Dallas, Texas, but cannot be summoned on such short notice due to the distance involved. The motion also stated that Housman would testify that no agreement was made assuring appellee that he would work only in Texas, and that such testimony could not be obtained from any other source.

Appellant's second and third points are sustained.

The judgment is reversed and the cause remanded to the trial court for another trial.

Reversed and remanded.

BATEMAN, J., not sitting.

## ON REHEARING

DIXON, Chief Justice.

Both appellant and appellee have filed motions for rehearing.

In appellee's motion he cites the cases of Fritsch v. J. M. English Truck Line, 151 Tex. 168, 246 S.W.2d 856 (see also Tex. Civ.App., 243 S.W.2d 464 for additional facts) and Texas Employers Ins. Ass'n v. Locke, Tex.Civ.App., 224 S.W.2d 755 in support of his contention that appellant failed to use due diligence to procure the testimony of the witness Housman.

We do not disagree with the holdings in the above cited cases. Without giving a detailed statement of the facts presented in them we shall simply say that we are of the opinion that the factual situation in the cited cases distinguishes them from this case.

Housman participated in the negotiations which culminated in the contract before us. He resides in the State of Massachusetts. Appellant asked only for a postponement of two weeks to arrange for the presence of Housman. It did not ask, as did the appellant in the Fritsch case, for an indefinite adjournment of the trial until it could obtain the missing witness. There are other extenuating circumstances, but we shall not expand this opinion by further particularization.

Since we take the view that the contract in question is ambiguous, it was necessary for us to reverse the judgment regardless of any holding we might make in regard to appellant's motion for continuance. The issue of the motion for continuance is only secondary under the circumstances. If no point were presented in regard to the motion for continuance it would still have been necessary for us to sustain appellant's second point in view of our conclusion that the contract is ambiguous.

Furthermore, if appellant had acted with all the diligence which appellee would require it would have availed appellant nothing. For the trial court held that the contract is not ambiguous, therefore extrinsic testimony as to the intention of the parties would not have been admitted. If Housman had been present he would not have been allowed to testify. If his deposition had been taken and had been available it would not have been considered. Under such circumstances Housman's presence in person or by deposition would have been a vain and useless thing.

In its motion for rehearing appellant reiterates its claim that the contract is not ambiguous, and does not contain any agreement by appellant, as alleged by appellee, that appellee in the course of the duties of his employment would at all times be located in Texas. We still believe the contract is ambiguous.

Both motions for rehearing are overruled.

Overruled.

BATEMAN, J., not sitting.