**Henrietta SANDS, Appellant,**

v.

**William H. JONES et ux., Appellees.**

**No. 16833.**

Court of Civil Appeals of Texas.

Fort Worth.

May 19, 1967.

---

Touchstone, Bernays & Johnston, and W. Richard Bernays, Dallas, for appellant.

Sewell & Forbis, and James E. Forbis, Decatur, for appellees.

## OPINION

RENFRO, Justice.

Plaintiffs William H. Jones and wife filed suit in Wise County against Henrietta Sands, a feme sole, for damages growing out of a collision between plaintiffs' pickup truck and defendant's automobile.

Defendant filed a plea of privilege asking that the case be transferred to Wichita County, the County of her residence.

Plaintiffs claimed venue in Wise County under Sections 9 and 9a of Article 1995, Vernon's Ann.Civ.St.

The plea of privilege was overruled.

Defendant in three points of error claims there was no evidence, and insufficient evidence, to support the court's judgment, or that the judgment was against the overwhelming weight and preponderance of the evidence.

The plaintiff Jones testified he was traveling south in the west lane of a divided highway at a speed of thirty-five or forty miles per hour when he saw defendant's car, also traveling south, to his left over on the grass just before the impact.

Evidence as to skid marks of the cars and the path of defendant's car leading up to the point of impact was given by the investigating Highway Patrolman. He estimated defendant's speed, from such observation and measurements, to have been seventy miles an hour.

The defendant offered no evidence.

The evidence concerning the collision was so similar to the evidence in Austin Road Co. v. Willman, 303 S.W.2d 878 (Tex.Civ.App., 1957, no writ hist.), that without further discussion we hold the law as set out in said case is applicable to the instant case and that the evidence was sufficient to raise issues as to one or more of the eighteen acts of negligence plead by plaintiffs.

Paragraph 3 of Section 9a provides, however, that plaintiff must establish that "such negligence (if paragraphs 1 and 2 are established) was a proximate cause of plaintiff's injuries."

There is no direct evidence in the record that either plaintiff sustained any

personal injury or that their automobile was damaged.

Plaintiff Jones testified at the hearing but he gave no testimony bearing on injuries or damage.

The patrolman did not testify to any automobile damage. He testified that plaintiffs had left the scene in an ambulance before he arrived, and that later he saw the plaintiffs at the hospital. He did not testify as to any injuries sustained by them.

We hold plaintiffs failed to meet the requirements of paragraph 3. Bond v. Veale, 361 S.W.2d 626 (Tex.Civ.App., 1962, dism.); Saenz v. Hinojosa, 268 S.W.2d 476 (Tex.Civ.App., 1954, no writ hist.).

It is readily apparent the facts concerning injuries were not fully developed. Therefore, rather than reverse and render, as requested by defendant, we reverse and remand so that the venue question can be retried. Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458 (1948); Lanford v. Smith, 128 Tex. 373, 99 S.W.2d 593 (1936).

Reversed and remanded.