Fred SIMMONS, d/b/a the Simmons Company, Appellant,

v.

Frank E. MOSLEY, Appellee.

No. 4638.

Court of Civil Appeals of Texas.

Waco.

Nov. 30, 1967.

Rehearing Denied Dec. 28, 1967.

————◆————

Edwards & Faulkner, Waco, for appellant.

Don Baker, Waco, for appellee.

McDONALD, Chief Justice.

## OPINION

This is an appeal by defendant from a judgment in a negligence case.

Plaintiff Mosley sued defendant Simmons for damages to his home and furnishings caused by negligent acts of defendant or his employees in connection with the installation by defendant of an air conditioning unit in plaintiff's attic.

Plaintiff's suit was filed on November 28, 1966. On December 27, 1966 plaintiff's attorney wrote to the judge of the County Court at Law as follows:

"Please set (Mosley v. Simmons) for jury trial March 6, 1967 at 9 o'clock A.M. * * *" and confirm with counsel.

The trial judge made notation on the bottom of the letter:

"This case is set for trial on March 6, 1967 and is #1 on the docket."

A copy of the letter with notation was mailed to attorneys for plaintiff and defendant.

Defendant's attorney commenced another trial in District Court the week prior to March 6, which trial was still in progress on March 6. Plaintiff's attorney, on March 6th, caused the Judge of the County Court at Law to reset the instant case to March 8 without consent of defendant's attorney.

Defendant's attorney finished the trial in District Court on March 7, and learned that a witness who was available on March 6 would not be available on March 8. Defendant then filed First Motion for Continuance on account of the absence of the witness. The trial court heard and overruled such motion on March 7.

When defendant appeared for trial on March 8, he learned that a jury was not present. Defendant paid a jury fee and renewed his motion for continuance on the ground of his absent witness; and asserted the additional ground that no jury was present. Defendant agreed to go to trial on March 15 in the event the case should be postponed. The trial court overruled this motion. The case proceeded to trial before the court without a jury, which rendered judgment for plaintiff for $750.

Defendant filed Motion for New Trial, which was overruled.

Defendant appeals, contending:

1) The trial court erred in refusing defendant's first and renewed first Motion for Continuance.

2) The trial court erred in forcing trial without a jury.

3) There is no evidence, or insufficient evidence, of defendant's negligence.

We revert to contention 1. The case was set for trial for Monday, March 6th at 9:00 o'clock. Defendant's attorney had agreed to the setting; had his witness Frederickson available; and would have gone to trial but for the trial in District Court, commenced the previous week, which was not concluded. When defendant's attorney finished the District Court trial on March 7, he learned the instant case had been reset for March 8; and learned his witness Frederickson had been called by his company to fly to New York for a few days. Defendant then

filed first Motion for Continuance, which was heard and overruled by the trial court on March 7.

Defendant's attorney appeared on March 8 for trial, and learned a jury was not present. He then renewed the Motion for Continuance on the ground of the absent witness, and on the additional ground that he thought the case was on the jury docket.

Defendant's attorney relied on plaintiff's attorney's letter of December 27, requesting the court to set the case for "jury trial." Neither plaintiff nor defendant had paid a jury fee until defendant paid such on March 8.

At the hearing of the Motion for Continuance on March 8, defendant stated his witness would be available on March 15, and asked for postponement of trial to such date. The trial court overruled this motion and the case proceeded to trial without a jury.

It is true defendant had not subpoenaed the witness (who lived in Dallas), and had not taken his deposition. However the witness was factory representative of the air conditioning manufacturer represented by defendant; had agreed to be present; and was available on March 6. He was unexpectedly called to New York on March 7, but was available for March 15. The failure of the case to go to trial on March 6, was not the fault of defendant or his attorney. Such was in the nature of an unavoidable occurrence, as the unexpected sickness of the trial judge or counsel would have been.

The Motion for Continuance on March 7 was in compliance with Rule 252, Texas Rules of Civil Procedure; was properly verified, and was not controverted. The absent witness was an engineer in the employ of the manufacturer of the air conditioning unit involved, and was to testify as to the proper installation of the unit in keeping with custom, practice and manufacturer's specifications.

Under the facts we think the trial court should have granted the first Motion or renewed Motion for Continuance (or postponed the trial). Moreover, the ends of justice will be better subserved if the judgment is reversed and the cause remanded. See: Piedmont Fire Ins. Co. v. Dunlap, Tex.Civ.App., (nre), 193 S.W.2d 853; Automatic Radio Mfg. Co. of Tex. v. Brandimarte, Tex.Civ.App. (nre), 389 S.W.2d 738; Buchanan v. Jean, 141 Tex. 401, 172 S.W. 2d 688.

This case is distinguishable on its facts from Fritsch v. J. M. English Trk. Line, 151 Tex. 168, 246 S.W.2d 856, urged by plaintiff as controlling.

Other points are not discussed as they will probably not arise on another trial.

Reversed and remanded.