**Lirma D. FOSTER et al., Appellants,**

**v.**

**Samuel DeWitt SMITH, Appellee.**

**No. 4684.**

Court of Civil Appeals of Texas.

Waco.

Jan. 11, 1968.

Supplemental Opinion Feb. 1, 1968.

Rehearings Denied Feb. 8 and 29, 1968.

James O. Mullin, Waco, for appellants.

Walter S. Smith, Jr., Waco, for appellee.

## OPINION

TIREY, Justice.

This suit was initiated by Lirma D. Foster against Samuel DeWitt Smith in the Superior Court of the State of California in the County of San Mateo. Pertinent to this discussion the original complaint set out that Smith resided at 710 Turner Street, Waco, Texas, and that during their marriage Samuel DeWitt, Jr., was born to them on March 9, 1955; that the father refused to support the son, and that by reason of such default the County of San Mateo was forced to furnish support for the benefit of the child and had furnished up to the present time approximately $514.40, and that it would continue to do so at the rate of $69.00 per month. The petition asked that San Mateo County be reimbursed and that Smith be ordered to pay $100.00 per month plus any additional sum that the county might deem reasonable. Upon the filing of the petition the Judge of the Superior Court of California entered an order directing the Clerk to submit to the proper officer in the State of Texas certain documents in triplicate and certified copies of the complaint to the proper court in McLennan County, State of Texas. These papers were duly authenticated and sent to the 19th Judicial District Court of McLennan County, and upon receipt thereof Judge Logue had the cause docketed in his court and issued an order requiring defendant Smith to appear at 2 o'clock on the 15th day of June 1967, to show cause why he should not be ordered to contribute a proper sum to the support of his minor child and to reimburse the County of San Mateo for the care of such minor child, and that he be required to furnish a cash deposit or bond as required

by the County. Notice was duly issued to defendant Smith and he appeared with counsel, but did not file an answer. On August 25, 1967, the cause was tried before the Court without a jury and the Court in its judgment, among other things, recited that defendant Smith owes the duty to support his minor child and ordered the defendant to pay into the registry of this court the sum of $15.00 per week until the child reaches the age of 18 years, or until further orders of the court.

The judgment denied plaintiff all other relief, to which judgment plaintiff excepted and gave notice of appeal to this court.

Plaintiff appeals on 2 points, contending that the material facts relied on by plaintiffs for recovery are admitted.

 While defendant was not served with a conventional civil citation, the nature of the action is nevertheless a civil case. And defendant filed no answer as required by Rule 45 Texas Rules of Civil Procedure; but did appear in person with counsel.

 A defendant appearing in a civil case, but saying nothing in bar, impliedly confesses judgment and waives all errors of pleading and proof. Thornhill v. Elskes, Tex.Civ.App., 381 S.W.2d 99 (nre); O'Quinn v. Tate, Tex.Civ.App., 187 S.W.2d 241 (Er.Ref.); Spivey v. Saner-Ragley Lumber Co., Tex.Com.App., Adopted, 284 S.W. 210.

It is our view that the judgment must be reversed; and that the ends of justice would be best served by a general remand. Buchanan v. Jean, 141 Tex. 401, 172 S.W.2d 688.

Reversed and remanded.

## SUPPLEMENTAL OPINION

 On further consideration of the above cause we find that neither appellants nor appellee assailed the judgment of the Trial Court which found that defendant Smith owes the duty to support his minor

child and ordered him to pay into the registry of the court the sum of $15.00 per week until the child reaches the age of 18 years, or until further orders of the court.

Therefore, it is our duty to affirm the foregoing order of the Trial Court fixing the support order, and the Court of its own motion affirms the judgment of the Trial Court in this respect, and reverses and remands the cause in all other respects.

Modified in part and affirmed and reversed and remanded in part.