**EMPLOYERS' FIRE INSURANCE COMPANY, Appellant,**

v.

**Vivian ALVAREZ, Appellee.**

**No. 8466.**

Court of Civil Appeals of Texas, Amarillo.

June 3, 1974.

Underwood, Wilson, Sutton, Berry, Stein & Johnson (R. A. Wilson), Amarillo, for appellant.

Edwards, Smith & Associates (Carson Smith), Amarillo, for appellee.

REYNOLDS, Justice.

In this venue proceeding preliminary to reaching the merits of the action to set aside an agreement compromising and settling plaintiff's workmen's compensation claim, defendant submits that the deficiency in plaintiff's pleadings and evidence requires the reversal of the order overruling defendant's plea of privilege and rendition of judgment sustaining the plea of privilege. Agreeing that the pleadings are deficient, we reverse and remand.

Plaintiff filed this suit in Potter County and controverted defendant's plea of exclusive venue in Dallas County with alle- gations of the applicability of various exceptions to the general venue statute. Following a venue hearing, the trial court overruled defendant's plea of privilege. No findings of fact and conclusions of law were either requested or filed.

■ With commendable frankness, plaintiff's counsel concedes that all of the exceptions to the general venue statute raised in the trial court, save one, are unavailing to sustain the trial court's order; however, it is contended that plaintiff's pleadings and proof come within the venue exception designated subdivision 27 of Vernon's Ann.Civ.St. art. 1995, in that it was shown that. defendant was a foreign corporation doing business in this state with an agency or representative in Potter County.

By invoking the subd. 27 exception, plaintiff assumed the burden to show, both by plea and proof, the applicability of that exception. A. H. Belo Corporation v. Blanton, 133 Tex. 391, 129 S.W.2d 619 (1939). As filed, the verified controverting plea incorporated plaintiff's original petition and certified that the allegations contained therein are true and correct. The original petition contained none of the subd. 27 venue facts now relied on. The controverting plea contained the allegation that defendant is a foreign corporation doing business in Texas, but it has no allegation that defendant has an agency or representative in Potter County.

As plaintiff developed her venue evidence bearing on the issue of agency or representative, defendant, without objecting to the admissibility of this evidence, explicitly made it known that the issue of agency was not within the scope of the pleadings and that defendant declined to try that question by consent. Although the motion is not shown of record, the parties are agreed that during the hearing plaintiff moved for, and the trial court accepted, a trial amendment. Pursuant thereto, plaintiff filed a trial amendment "in lieu of paragraph I" of plaintiff's original petition in

which, additional to repeating the original contents of the first paragraph of the original petition, the subd. 27 venue facts are alleged. This trial amendment was not sworn to and the controverting affidavit previously filed was not amended.

 To refute the prima facie proof of defendant's plea of privilege for a change of venue to Dallas County, plaintiff was required to file a controverting plea *under oath*, setting out specifically the grounds relied upon to sustain venue in Potter County. Rule 86, Texas Rules of Civil Procedure. As filed, the controverting plea, incorporating the original petition, was insufficient to invoke the subd. 27 exception to general venue since there was no allegation of the venue fact that defendant had an agency or representative in Potter County.

A trial amendment to remedy the substantive defect in the pleadings is authorized by Rule 66, Texas Rules of Civil Procedure, and such amendment relates back to the filing of the original petition. Insurors Indemnity & Ins. Co. v. Brown, 172 S.W.2d 174 (Tex.Civ.App., Beaumont 1943, writ ref'd). Nevertheless, the unverified trial amendment filed here to supply the deficiency in the original petition, without a corresponding sworn amendment to the controverting plea, did not constitute an amendment to the previously verified controverting plea. Moore v. James, 242 S.W.2d 958 (Tex.Civ. App., San Antonio 1951, mand. overr.). The controverting plea, upon suggestion that agency had not been pleaded, could have been amended to remedy the defect, Gambill v. Mathes, 490 S.W.2d 863 (Tex. Civ.App., Dallas 1973, writ dism'd); but, so far as shown by this record, there was no intention to amend the controverting affidavit. Therefore, since one of the essential venue facts required to defeat the plea of privilege was not unmistakenly sworn to, plaintiff's venue pleadings were insufficient. A. H. Belo Corporation v. Blanton, supra.

Under the peculiar facts as developed, "the whole proceedings were carried on in such an irregular manner that the case cannot be made to fit into any standard pattern or rule of decision." Buchanan v. Jean, 141 Tex. 401, 172 S.W.2d 688 (1943). The defendant did not specifically point out the defect in the pleading by motion or special exception as contemplated by Rule 90, T.R.C.P., and did not object to the admission of the evidence which had no support in the pleadings; yet, it is clear that the venue issue not properly pleaded was not tried by consent. Because the posture of the whole record presents reversible error, particularly since the plea of privilege was overruled in the face of deficient pleadings, we have concluded that a remand for a full development of the venue issues under properly drawn pleadings will better subserve the ends of justice. Buchanan v. Jean, supra; Chapman v. First Nat. Bank of Wellington, 221 S.W.2d 318 (Tex.Civ.App., Amarillo 1949, no writ).

The judgment of the trial court is reversed and the cause is remanded.