John R. BARNES, Appellant,

v.

WATERS EQUIPMENT COMPANY, INC., Appellee.

No. 8261.

Court of Civil Appeals of Texas, Beaumont.

May 17, 1979.

Raymond A. Enstam, Dallas, for appellant.

Allan R. Lazor, Victoria, Peyton D. Waters, Jr., Houston, for appellee.

DIES, Chief Justice.

John R. Barnes, a defendant below (hereafter "Barnes"), a Dallas resident, is president of Equidyne Drilling Company, Inc., a co-defendant below (hereafter "Equidyne"). Equidyne was in the process of drilling an oil well in Jasper County. Both of Equidyne's mud pumps broke down, and Barnes leased one from Water's Equipment Company, Inc. (hereafter "Plaintiff"). Plaintiff required a $10,000 deposit, and Barnes, having no blank checks of Equidyne, gave Plaintiff a personal check for the $10,000 drawn on a Dallas bank.

The pump was delivered and allegedly did not perform properly; Equidyne returned the pump, and Barnes stopped payment on the check.

Plaintiff then sued Equidyne on the written contract for the lease of the pump, and alternatively upon a sworn account pursuant to *Tex.R.Civ.P. 185*, and further sued Barnes on the $10,000 check. The suit was brought in Jasper County, Texas. Both Equidyne and Barnes filed pleas of privilege, which were overruled, and from which only Barnes has appealed.

The controverting plea of Barnes sought to hold venue in Jasper County only under *Tex.Rev.Civ.Stat.Ann. art. 1995, subdivision 5* (Vernon Supp.1978), by alleging that Barnes had entered a written contract performable in Jasper County.

At the hearing on the plea, Plaintiff admitted to the court that it had failed to show venue under *subdivision 5* and received leave by the court to file a trial amendment, which it subsequently did. The amendment alleged generally that Barnes had failed to maintain the separate identity of Equidyne, which operated as a fraud upon Plaintiff. This pleading, says Plaintiff, makes Barnes a "necessary party" under *subdivision 29a*.

Plaintiff's controverting plea was never amended, and indeed in our record still only avers exception under *subdivision 5*—the written contract.

■ Where a petition is properly incorporated into a controverting plea, and properly sworn to, if the petition is thereafter amended, the amendment is not incorporated into the controverting plea.

The controverting plea must thereafter be amended so that it is clear that the affiant is swearing to the facts in the amended petition if he relies on those facts for venue. *Leonard v. Maxwell*, 365 S.W.2d 340, 345 (Tex.1963); *Madeley v. Oualline*, 449 S.W.2d 352, 354 (Tex.Civ.App.—Beaumont 1969, no writ); *Beasley v. Barshop*, 352 S.W.2d 927 (Tex.Civ.App.—San Antonio 1961, no writ). See also *Buchanan v. Jean*, 141 Tex. 401, 172 S.W.2d 688 (1943) at 689 holding that controverting plea "[must] evidence a clear intention to swear to the truth of *all* the facts set out therein." (Emphasis added).

Plaintiff's brief seems to anticipate this position and urges us to remand this case to the trial court for further development of the pleadings, citing *Buchanan v. Jean*, supra, and *International Security Life Insurance Co. v. Robichau*, 490 S.W.2d 871 (Tex. Civ.App.—Beaumont 1973, no writ).

■ We hold that even if the controverting plea properly asserted Plaintiff's contention, Barnes is not a necessary party. In *Loop Cold Storage Co. v. South Texas Packers, Inc.*, 491 S.W.2d 106 (Tex.1973), plaintiff sued three different defendants on the theory that one of them was responsible for plaintiff's loss. The court commented (at 108):

"That argument appeals to our concern for the administration of justice. This is one controversy which perhaps could most fairly and expeditiously be tried as one lawsuit. But the Texas venue law does not leave our decision to considerations of better administration of justice. The statute (Art. 1995) directs that no one is to be sued out of the county of residence unless one of the statutory exceptions is met. Plaintiff's right to sue Loop in Nueces County depends upon its meeting the exception of subdivision 29a . . . . ."

The court then states the rule that a party is a "necessary party" under *29a* only when his joinder is necessary in order to afford the plaintiff complete relief to which it is entitled under the facts of the case.

In *J. A. Burns v. National Finance Credit Corp. of Texas*, 480 S.W.2d 224 (Tex.Civ. App.—Fort Worth 1972, no writ), the payee brought suit against the makers on a note payable in Tarrant County, and against the parties which secured the note. The court held that where the only relief sought by plaintiff payee against makers was a money judgment, the parties securing the note were not necessary parties. And, in *Vahlsing, Inc. v. Esco, Ltd.*, 496 S.W.2d 652, 655 (Tex.Civ.App.—Corpus Christi 1973, writ dism'd), the court said:

"The possibility that Vahlsing may be able to recover only a part of its alleged damages against Esco is not a factor which affects the determination of whether Bagley is a necessary party . . . ."

It is clear in the instant case that Plaintiff may get full relief against Equidyne without the joinder of Barnes. The Tyler court has interpreted "full relief" under 29(a) to mean not the total relief which may be pleaded through several causes of action

in one petition but the relief referable to only one distinct cause of action. *Mims v. East Texas Prod. Credit Assoc.*, 496 S.W.2d 682, 686 (Tex.Civ.App.—Tyler 1973, writ dism'd). The order of the trial court overruling Barnes' Plea of Privilege is reversed, and this cause is remanded to the trial court for entry of an order severing the cause as to Barnes and transferring said severed portion of the cause to one of the District Courts in Dallas County for trial.

REVERSED and REMANDED with instructions.