Joe VILLIERS D/B/A Joe Villiers
Insurance Agency, Appellant,

v.

RANGER ALLIED UNDERWRITERS,
Appellee.

No. A2284.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Feb. 6, 1980.

Rehearing Denied Feb. 27, 1980.

Joe Villiers, pro se, William R. McGarvey, Dallas, for appellant.

Philip K. Clifton, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and MILLER and PAUL PRESSLER, JJ.

MILLER, Justice.

Appellant Joe Villiers complains that when he appeared for a hearing on his plea of privilege the court below forced him to trial on the merits, and thereby committed reversible error. We agree and reverse and remand.

Appellee Ranger Allied Underwriters sued Villiers on sworn account in the County Court at Law of Harris County. Villiers, acting *pro se*, duly filed his plea of privilege to be sued in Dallas County. Appellee filed a controverting plea in which he alleged that Tex.Rev.Civ.Stat.Ann. art. 1995(5) (Vernon Supp.1979), relative to suits on written contracts naming a place of performance, applied. Appellant did not appear at the April 1, 1979, hearing on the plea of privilege, and such plea was denied. However, on appellant's motion the court set aside its order and set a hearing on the plea for July 19.

When appellee appeared for this hearing he was met, over his objection, by the requirement of defending the trial on the merits, simultaneously with the hearing on the plea of privilege.

When the appellant protested that he had appeared for a hearing only on his plea of privilege, the Court replied: "I'm not going to try things twice. I try things one time."

The venue statutes are designed to alleviate the hardship caused a defendant when he is required to transport his witnesses perhaps hundreds of miles to defend a suit. If he must prepare and defend on the merits before a decision on his plea of privilege, the purpose of the statutes is subverted. Note, 20 Tex.L.Rev. 113 (1941). Defendant was entitled to a separate hearing on his plea of privilege as a matter of law. *Texas & P. Ry. Co. v. Wood*, 211

S.W.2d 321 (Tex.Civ.App.—El Paso 1948, writ ref'd n. r. e.).

Of course, such right may be waived by agreement. *American Empire Life Insurance Company v. Long*, 344 S.W.2d 513 (Tex.Civ.App.—Eastland 1961, writ ref'd n. r. e.). In the case at hand the judge indicated that he had ordered both sides to sign a writing setting the hearing of the plea of privilege and the trial on the merits on the same date. This writing was not filed with the record of the case, and therefore does not comply with Tex.R.Civ.P. 11 which requires that such agreements if not made in open court "be in writing, signed, and filed with the papers as part of the record."

On remand, the trial court must afford the defendant a separate hearing on his plea of privilege, at which time the plaintiff will have the burden of proving the venue facts that authorize the court to retain venue. *Nemec v. Degelia*, 285 S.W.2d 411 (Tex. Civ.App.—Dallas, 1955 no writ).

The judgment is reversed and the case remanded to the trial court for a new trial.